McCarthy v. Watrous & Co.

McCarthy v. Watrous & Co.

1. **Bill of Exceptions**: FORM OF: FILED TOO LATE.  In this case sixty days from date of the judgment appealed from were allowed the defendants within which to file their bill of exceptions.  The statute (Code, § 2832) provides that no stated form is required for a bill of exceptions; and if the certificates of the short-hand reporter and the trial judge appended to a transcript of the reporter's notes in this case were conceded to answer all the purposes of a bill of exceptions, and to amount to such a bill in substance, yet, as they were not filed within the prescribed sixty days, they cannot be considered as a bill of exceptions in this court.

2. ———: NECESSITY FOR NOT OBVIATED BY SHORT-HAND REPORTER'S NOTES.  The provision of § 3777 of the Code, as amended, (See Miller's Code and McClain's St.) making the original notes of the short-hand reporter, or a transcript thereof, admissible in evidence in any case in which the same are material and competent, has reference to the trial of causes in the *nisi prius* courts, and not to the making up of the record for an appeal to this court, and does not dispense with the necessity for bills of exceptions in cases where they were before required.

*Appeal from Linn Circuit Court.*

MONDAY, JUNE 21.

THIS is an action to recover damages for an alleged personal injury. The plaintiff was in the employ of defendants as a miller in their flouring mill at Cedar Rapids. He alleges that the defendant negligently permitted certain of their machinery and gearing to be uncovered, and that, in the discharge of his duty as such employe, the plaintiff had his hand drawn into the exposed gearing, and the four fingers of said hand were mutilated so that their amputation became necessary. There was a trial by jury, and a verdict and judgment for plaintiff. Defendants appeal.

*I. N. Whittam, W. G. Thompson* and *Rickel & Bull*, for appellants.

*J. J. Ney* and *F. C. Hormel*, for appellee.

ROTHROCK, J.—A motion for a new trial of the case was overruled on the thirtieth day of January, 1885. An exception to the overruling of the motion was entered of record, and the further entry was made that the defendants were allowed sixty days from that date to present and file their bill of exceptions. No formal bill of exceptions has ever been filed, and appellee insists that, as the evidence has not been preserved as required by law, and as an examination of the evidence is necessary to determine the errors assigned, the judgment must be affirmed. As an answer to this, the defendants claim that no bill of exceptions was necessary. It appears that the testimony of the witnesses was taken down at the trial by the official short hand reporter. At the conclusion of the trial the original short-hand notes of the evidence were filed by the clerk. A transcript of the notes was made by the reporter, and filed in the clerk's office on the second day of May, 1885. This transcript is an extension or translation

1. BILL of exceptions: form of: filed too late.

of the original notes into long hand.    The short-hand
reporter appended a certificate to this transcipt, which states
that it is a true transcript of the short-hand report of all the
evidence; but it does not state that the transcript contains all
of the rulings of the court in the trial of the cause.    On the
thirtieth day of September, 1885, the trial judge indorsed
on said transcript of the evidence a certificate, of which the
following is a copy:

"I hereby certify that the within transcript, together
with the exhibits therein referred to, contains and embraces
all the evidence introduced and given in the case of *J. D.
McCarthy v. W. D. Watrous & Co.*, tried at the time, and
in the court, as in said transcript stated.

"*September* 30, 1885.                C. HEDGES, Judge."

It is provided by section 2831 of the Code, as amended by
chapter 209 of the Acts of the Eighteenth General Assembly,
that bills of exceptions must be filed during the term, "or
within such time thereafter as the court may fix; but in no
event shall the time extend more than thirty days beyond
the expiration of the term, except by consent of the parties
or by order of the judge."    And it is provided by section
2835 that "when the decision is not entered on the record,
or when the grounds of objection do not sufficiently appear
in the record, the party excepting must reduce his excep-
tion to writing and present it to the judge for his signa-
ture."

In the case of *Lynch v. Kennedy*, 42 Iowa, 220 and in
other cases, it was held that a bill of exceptions must be
signed within the time fixed by law, or the order of court, or
agreement of the parties, and if not done within the proper
time the bill may be stricken from the record in this court
upon motion.    As the statute (Code, § 2832) provides that
no stated form is required for a bill of exceptions, we have
held that a certificate of the judge to the evidence, that it is
all the evidence offered and received on the trial of the cause

is a sufficient compliance with the statute respecting bills of exceptions. *State v. Fay*, 43 Iowa, 651; *Gibbs v. Buckingham*, 48 Id., 96; *McFarland v. Folsom*, 61 Id., 117; *Hahn v. Miller*, 60 Id., 96, and other cases.

Some of these cases hold. that the certificate must be filed within the time prescribed by order of the court. If not so filed it will be disregarded, or stricken from the record. These cases dispose of the certificate made by the judge in this case. It was made and signed several months after the time fixed by the order. They also dispose of the certificate made by the short-hand reporter, because it was not made until after the time fixed in the order. Whether, if made in time, and in proper form, it would be a sufficient bill of exceptions, we need not determine, because the question is not in the case.

But counsel for appellants rely on section 3777, as found in Miller's Code, as not only dispensing with a formal bill of exceptions, but also with a certificate of the judge. That section provides for the compensation of short-hand reporters, and it contains the following clause: "And the original notes of any testimony, taken in any case, shall be filed in the office. of the clerk of the court, and become a part of the record in said case; and said notes, or any transcript thereof, duly certified by the reporters of said court, shall be admissible in any case in which the same are material and competent to the issue therein, with same force and effect as depositions, and subject to the same objections, so far as applicable; and said original notes, or the transcript thereof, or any part thereof, may be referred to in any bill of exceptions, and, when duly transcribed and certified, shall be inserted therein on appeal." It is claimed that, as the office of a bill of exceptions is to make that of record which otherwise would not be of record, the provision making the original notes part of the record is all that is required, and that no bill of exceptions is necessary. But this section of the statute does not

2. ——: necessity for not obviated by short-hand reporter's notes.

expressly, nor by implication, repeal the law requiring bills of exceptions. On the contrary, the latter part of the clause above quoted expressly recognizes the necessity of a bill of exceptions referring to the original notes or transcript thereof, to be inserted therein on appeal. The provision making the original notes of record, or transcript thereof, admissible as evidence in any case in which the same are material and competent to the issue, has reference to the trial of causes in the *nisi prius* courts, and not to the making up of the record for an appeal to this court. This, it appears to us, very plainly appears from the language of the statute above quoted.

It is a matter of sincere regret that appeals to this court must sometimes be determined without reaching the merits. Very few law actions come to us upon appeal in which the evidence is set out in the original bill of exceptions. The evidence is taken down in short-hand, and it is not practicable to transcribe it during the term; and it frequently occurs that, owing to the press of business, the transcript or translation of the original notes is not made for several months. But the original notes are required to be filed, and, as we have seen, they may be referred to in a bill of exceptions. This authorizes skeleton bills of exceptions, and such is the uniform practice, as will be seen by the numerous cases in which the question has been made whether the evidence is sufficiently identified to authorize the clerk to insert it in the bill. We thought that the very full directions given in the case of *Hill v. Holloway*, 52 Iowa, 678, as to these bills of exceptions, would obviate all further difficulty in their preparation; but at nearly every term of this court we are compelled to virtually dismiss appeals, either because the evidence necessary to present the errors complained of is not identified in the bill of exceptions, or because, as in the case at bar, there is no bill of exceptions.

The judgment of the circuit court must be

AFFIRMED.