LEWIS v. MARKLE ET AL.    (Four cases.)

1. **Practice on Appeal:** AMENDMENT OF JUDGE'S CERTIFICATE: TIME. Where the original certificate of the trial judge to the evidence was insufficient to entitle the appellant to a trial *de novo* in this court, an amendment supplying the defect, but made after the expiration of the time for taking an appeal, was no part of the record, and could not be considered.

2. ————: CERTIFICATE OF JUDGE TO EXPLAIN RECORD. Where an interlineation amending a judge's certificate to the evidence was apparent on the face of the original paper, submitted with the cause in this court, it was competent to show by a subsequent certificate of the judge that the interlineation was made by him more than six months after the judgment appealed from was rendered. (*Pearson v. Maxfield*, 47 Iowa, 135, and *Connor v. Long*, 63 Id., 295, distinguished.)

*Appeal from Mills District Court.*

SATURDAY, JUNE 11.

ACTIONS in equity to cancel certain conveyances from the intervenor to the defendants, and to quiet in plaintiff the title to the real estate included therein. The intervenor alleged in his petition that the conveyance under which

plaintiff claimed the property was obtained by fraud, and he prayed that the same be canceled and set aside. The district court entered judgment dismissing the intervenor's petition, and granting to plaintiff the relief demanded in his petition. Defendant and intervenor appeal.

*Kelly Bros.* and *E. B. Woodruff*, for appellants.

*Watkins & Williams* and *Stone & Gilliland,* for appellee.

REED, J.—The judgments in these causes were entered on the third day of October, 1885. On that day the trial judge signed a certificate to the effect that the transcript contained all the evidence introduced on the trial of the causes, together with the objections of the parties to the introduction of evidence, the rulings of the court thereon, and the exceptions of the parties thereto. This certificate was subsequently amended by adding thereto a statement that the transcript contained, also, all the evidence offered by the parties on the trial. This additional statement was interlined in the original certificate by the judge on the twenty-sixth of May, 1886.

*1. PRACTICE on appeal: amendment of judge's certificate: time.*

The certificate, as originally made, is insufficient, and the causes cannot be tried *de novo* in this court upon it. The requirement of the statute (Code, § 2742) is that all of the evidence offered on the trial shall be taken down in writing, and certified by the judge. See, also, *Taylor v. Kier*, 54 Iowa, 646; *Clinton Lumber Co. v. Mitchell*, 61 Id., 132. The amendment to the certificate was not made until after the expiration of the time allowed for taking the appeal. It cannot, therefore, be considered. (Code, § 2742, as amended by chapter 35, Acts of the Nineteenth General Assembly.)

The fact of the interlineation of the additional statement in the certificate is shown by the original paper, which was submitted to us with the causes. But the date at which the interlineation was made was shown in this court by a certificate of the trial judge, which was signed on the seventh of October, 1886, and the

*2. ———: certificate of judge to explain record.*

point is made by appellants that it is not competent to contradict the recitals of the record by the certificate or affidavit of the judge. But, if the amendment was added to the certificate after the expiration of the time allowed for taking the appeal, it constitutes no part of the record in the case. When the time had expired within which the certificate was required to be made, the judge had no jurisdiction or power to amend or alter it; and we think it may be shown in this court, by evidence other than the record, that the interlineation was made after the authority of the judge to sign a certificate had terminated. The case does not fall within the rule of *Pearson v. Maxfield,* 47 Iowa, 135, and *Connor v. Long,* 63 Id., 295.

We cannot, therefore, consider the cases on their merits. The judgment will be                                        AFFIRMED.