WADSWORTH & CO. v. THE FIRST NAT. BANK OF INDIANOLA.

1. **Appeal**: PRACTICE: INDEFINITE ASSIGNMENT OF ERRORS. Errors not assigned with the exactness required by § 3207 of the Code will not be considered in this court. (See opinion for examples.)

2. ———: ———: BILL OF EXCEPTIONS: EVIDENCE CERTIFIED TOO LATE. The translation of the short-hand notes of evidence, duly certified by the judge, may be regarded as having the effect of a bill of exceptions; but, to have that effect, it must, like a bill of exceptions, be so certified within the time prescribed by the order of the court for filing a bill of exceptions; (Code, § 2831;) and evidence certified after such time becomes no part of the record. (See cases cited in opinion.)

*Appeal from Warren District Court*—HON. O. B. AYRES, Judge.

WEDNESDAY, DECEMBER 14.

ACTION upon a bank check. There was a judgment upon a verdict for defendant. Plaintiffs appeal.

*Bryan, Seevers & Stewart*, for appellants.

*W. H. Berry* and *Mitchell & Dudley*, for appellee.

BECK, J.—I.   The assignment of errors is in the following language:   "(1) The court erred in rejecting evidence offered by the plaintiffs, as shown by the record. (2) The court erred in admitting evidence objected to by plaintiffs, as shown by the record. (3) The court erred in overruling plaintiff's motion to direct a verdict for the plaintiffs.   (4) The court erred in refusing to give each of the instructions asked for by the plaintiffs.   (5) The court erred in giving each of the instructions given on its own motion.   (6) The court erred in overruling the plaintiffs' motion for a new trial.   (7) The court erred in rendering judgment against the plaintiffs."   The first, second, fourth, fifth and sixth assignments are not as specific as the case will allow, and fail to point out the very errors objected to, and, in this regard, violate the requirements of Code § 3207.   These assignments we cannot, therefore, consider. (See *Wood v. Whitton*, 66 Iowa, 295, and cases cited.)

*1. APPEAL: practice: indefinite assignment of errors.*

II.   The third and seventh assignments are based upon the consideration that the evidence is not sufficient to support the verdict.   The abstract shows that the evidence was taken by a short-hand writer, who, within the proper time, certified and filed the short-hand notes.   By an order of the court, the plaintiffs had ninety days to prepare and file a bill of exceptions, which was filed within that time, but does not certify the evidence.   After the expiration of the time, the translation of the short-hand notes was certified by the judge and filed. Defendant moves this court to strike out that part of the abstract containing the evidence, on the ground that the abstract shows that it was not certified within the time required by law.   The motion must be sustained.

*2. ——: ——: bill of exceptions: evidence certified too late.*

The translation of the short-hand notes of evidence, duly certified by the judge, may be regarded as having the effect of a bill of exceptions.   But it must be certified by the judge during the time or within the time prescribed by the order of the court.   (Code, § 2831.)   As the evidence was

not certified by the judge and filed within the time pre-, scribed by the order of the district court, it constitutes no part of the record, and must be stricken out. (*McCarthy v. Watrous*, 69 Iowa, 260; *Gibbs v. Buckingham*, 48 Id., 96; *Harrison v. Charlton*, 42 Id., 573; *Lynch v. Kennedy*, Id., 220.) The motion to strike being sustained, no part of the evidence is left in the record. The third and seventh assignments of error have, therefore, no support in the record. There remains nothing for consideration in the case.

The judgment of the district court must be

AFFIRMED.