HURLBURT, HESS & CO. v. FYOCK & CO. ET AL.

73 477,
79 259

73 477
90 125

73 477
107 129

73 477
f109 21

1. **Bill of Exceptions:** CERTIFIED NOTES OF SHORT-HAND REPORTER SUFFICIENT. The transcript of the short-hand notes of a former trial was used as evidence in this case, and other evidence was taken down in short-hand by the reporter. This last short-hand report, including the transcript of the former report, was within the proper time certified by the trial judge as being "all the evidence that was offered or introduced on the trial of said case, and all of the objections and rulings made and exceptions taken, and the said official report in short-hand is hereby made a part of the record in the above entitled cause." *Held* that this was a sufficient bill of exceptions. (See cases cited in opinion.)

2. **Intoxicating Liquors:** UNLAWFUL SALE: RECOVERY BY VENDEE OF MONEY PAID FOR: FACTS NOT WARRANTING. Where defendant, a retail druggist, purchased his drugs of the plaintiff, a wholesale druggist, and included orders for intoxicating liquors, but plaintiff turned the orders over to one H., who furnished the liquors and rendered bills therefor signed by himself, but directing defendant to remit to plaintiff therefor, and it did not appear that plaintiff was in fact selling the liquors and using the name of H. for a cover, but that plaintiff only acted as the assignee of H. in collecting the bills, *held* that defendant could not recover of plaintiff the moneys paid for liquors so procured, on the ground that the sales were made by plaintiff in violation of law.

*Appeal from Dallas District. Court*—HON. A. W. WILKINSON, Judge.

FRIDAY, DECEMBER 16.

THIS is an action at law by which the plaintiff seeks to recover of D. E. Fyock & Co. a balance due upon an account for drugs sold and delivered. The defendant admitted the amount of the account, and set up a counter-claim to recover of the plaintiff a large amount of money which the defendant paid the plaintiff for intoxicating liquors, which it is alleged the plaintiff unlawfully sold to the defendant. The suit was commenced by attachment, and a stock of drugs was seized upon the writ. The defendant made an assignment of property for the benefit of creditors a few days before the suit was commenced, and J. L. Townsend, the assignee, intervened in the action, and claimed to be lawfully in possession

of the goods as such assignee, and he also demanded judgment against the plaintiff for the amount paid to plaintiff for intoxicating liquors unlawfully sold to the defendant. There was a trial to the court. The amount of the plaintiff's account for drugs was admitted, and the court found that the intervenor was entitled to recover of the plaintiff on the counter-claim the sum of $1,311.50, which, being set off against the account for drugs, left a balance in favor of the assignee and intervenor of $792.99, for which judgment was rendered for the intervenor. Plaintiff appeals.

*Cole, Mc Vey & Clark*, for appellant.

*Cardell & Shortley*, for defendants.

*White & Clarke*, for intervenor.

ROTHROCK, J.—I. The first question in the case arises upon a motion of the appellee to strike the evidence from the files, because it has not been preserved by a bill of exceptions. There were two trials of the cause. The record shows that at the first trial the evidence was taken down by the short-hand reporter, and certified by the judge, and properly filed. At the second trial a transcript of the short-hand notes was used by the consent of the parties as evidence upon the trial, and a short-hand record was kept of other proceedings. This last short-hand report, including the transcript of the former report, was certified by the trial judge as being " all of the evidence that was offered or introduced on the trial of said case, and all of the objections and rulings made and exceptions taken; and the said official report in short-hand is hereby made a part of the record in the above-entitled cause." This certificate was filed within the proper time. Under the former rulings of this court, this must be regarded as a sufficient bill of exceptions. (*State v. Fay*, 43 Iowa, 651; *Gibbs v. Buckingham*, 48 Id., 96; *McFarland v. Folsom*, 61 Id.,

*1. BILL of exceptions: certified notes of short-hand reporter sufficient.*

117; *Hahn v. Miller*, 60 Id., 96; and *McCarthy v. Watrous*, 69 Id., 260.) It became necessary, owing to this dispute as to the record, to file a transcript in this court. By agreement of the parties, the original papers were filed, but they were not copied and certified by the clerk. In examining the record, as we have been compelled to do, we think that the appellant's abstract, with an omission supplied by the abstract of appellee, fairly presents the case upon its merits, and we will proceed to determine it in that way.

II. The plaintiff is a corporation engaged in the wholesale drug business in the city of Des Moines. It was former-

2. INTOXICAT-ING liquors: unlawful sale: recovery by vendee of money paid for: facts not warranting.

ly known and designated by the name of Mitchell, Crane & Co. The change of name, however, did not operate as a reorganization of the corporation, but it still retained its identity as a body corporate. The defendant, D. Fyock & Co., was a retail druggist in Dallas county, and a customer of the plaintiff, and from about October 1, 1884, to May 5, 1886, purchased from the plaintiff substantially all of the goods used in his retail business. The defendant claims that a large part of the purchases made were intoxicating liquors, sold for unlawful purposes. The plaintiff claims that it never at any time sold any intoxicating liquors to the defendant. As we think the appeal must be disposed of on this question, it is unnecessary to determine any of the other points discussed by counsel. In determining the case, we have not only considered the evidence presented in the abstract, but we have carefully examined the transcript, and from it we find that the defendant, D. Fyock & Co., was composed of D. Fyock alone. During part of the time he was dealing with the plaintiff, he represented that one A. W. Font was his partner. Defendant was at one time arrested for an alleged violation of the prohibitory liquor law, and upon the trial he testified as a witness that Font was his partner. This appeared to him to be necessary to his defense, because Font was a registered pharmacist, and Fyock was

not.  It is true, defendant denied that he represented Font to be a partner; but the evidence that he did was so overwhelming that there cannot be said to be any conflict therein, and we think that the evidence that the plaintiff dealt with him in the belief that he had a partner who was a registered pharmacist, and that he was authorized by a proper permit to sell intoxicating liquors for the purposes permitted by law, ought not to admit of any question.  We think, also, that the evidence does not warrant the finding that the plaintiff at any time sold intoxicating liquors to the defendant.  The plaintiff, being a corporation, held no permit to sell intoxicating liquors.  At one time one Mitchell, and, later, one Hess, who, it is true, were stock-holders in the corporation, held permits to sell liquors for lawful purposes; and, while it is true that part of the liquors were kept in the building occupied by the plaintiff, the evidence is conclusive and uncontradicted that the plaintiff had no interest in that branch of the business.  It is true that the defendant ordered his liquor from the plaintiff; but the evidence shows that in nearly every instance bills were rendered to the defendant, showing that his purchase was not made from the plaintiff. The following is a copy of one of the bills.

"Des Moines, Ia., July 1, 1885.

" D. E. Fyock & Co., Perry, Iowa, bought of S. H. Hess, 224 and 226 Second St.

" Book 4.  Terms, ——.  Shipped, ——.  Salesman, ——.

" 4⅞ Gal. alcohol, 2.25,    -    -    -    -    10.99

" Please remit the above amount to Hurlburt, Hess & Co., which will be honored by    Yours very truly, etc.,

" S. H. Hess."

.We find no evidence in the case that the use of the names of Hess and Mitchell were adopted as a cover for the sale of intoxicating liquors by the plaintiff.  It is true, the plaintiff turned over the orders for liquors to Hess and Mitchell, but there is no evidence that plaintiff had any interest therein,

nor in the profits arising from the sale thereof. The evidence upon this point is all the other way. These accounts or bills for liquors were sent to the defendant. They show on their face that they were sales made by Hess to him. It is true, the defendant was directed to remit to the plaintiff; but this did not show that the sales were made by the plaintiff. If they tended to show that the plaintiff was using the name of Hess as a cover for dealing in liquors, they are fully explained by the fact, which is uncontradicted, that the plaintiff procured no intoxicating liquors for any one but their drug customers; and in such cases, as Hess sold only for cash, plaintiff settled with Hess, and looked to the customer for reimbursement. The plaintiff sent to the defendant certain statements of account, in which some of the claims for liquors were included. But the evidence shows that plaintiff was the mere assignee of Hess; and whatever was done in the way of showing plaintiff's connection with the sales by the use of its bill-heads, on a few occasions, are shown to have been done by mere inadvertence. It must be remembered that defendant is seeking a recovery upon a claim which he is bound to establish by affirmative evidence. His demand is purely statutory. He has had the liquors sold him in violation of law, failed in business, and he and his assignee are attempting to pay this drug bill, and recover quite an amount besides, by asserting a right of action which, to say the least, is not attended with any violation of his rights tending to arouse sympathy in his behalf.

The judgment will be reversed, and the cause remanded for a new trial.

REVERSED.