Warbasse & Lee v. Card.

# Warbasse & Lee v. Card.

1. **Appeal**: BILL OF EXCEPTIONS : DIRECTING CLERK TO INSERT EVI-DENCE : SHORT-HAND NOTES NOT TRANSLATED. Evidence is not pre-served for the purposes of an appeal by directing the clerk in a bill of exceptions to insert the evidence taken by the short-hand reporter and filed in the case, where the short-hand notes so filed have not been translated and the translation filed in the case.

2. ————: PRACTICE : REVIEWING INSTRUCTIONS WITHOUT EVIDENCE. Where instructions complained of are applicable to the issues raised by the pleadings, they may be reviewed in this court, even though the evidence is wanting ; for this court will, in such case, presume that there was evidence warranting the instructions. (See *McMillan v. Burlington & M. R. Ry. Co.,* 40 Iowa, 231.)

3. **Contract**: PAROL TO ADD WARRANTY TO WRITING. Where a written contract is full and complete, it is incompetent, in the absence of fraud, mistake, or the like, to vary it by evidence of a parol warranty not expressed in its terms. (See *Mast v. Pearce,* 58 Iowa, 579.) And it cannot be shown that it was part of the agreement that the whole of the contract was not to be reduced to writing.

4. **Instructions**: JUDGED BY ISSUES PRESENTED IN CHARGE. The correctness of an instruction must be determined by considering it in connection with the issues presented to the jury, and not with issues pleaded but not presented in the instructions.

*Appeal from Cerro Gordo District Court.*—HON. JOHN B. CLELAND, Judge.

FILED, MARCH 12, 1888.

ACTION to recover for a furnace sold. Judgment below was for defendant, and plaintiffs appeal.

*Sherwin & Schermerhorn* and *Glass & Hughes*, for appellants.

*John Cliggitt*, for appellee.

SEEVERS, C. J.—The petition states that plaintiffs and defendant entered into the following written contract:

"Mason City, Iowa, August 31, 1882. We agree to furnish, and we agree to pay for, a No. 61 Ruby brick set furnace and covering burrs, delivered at the post-office building of this city, $194.75. The same to be paid for February 1, 1883. Messrs. Warbasse and Lee to furnish man to superintend the setting of the same and guaranty said heater to work successfully, and operate as well as any other first-class furnace under similar circumstances. Mr. Card to furnish brick-work and materials for setting same, and pay Warbasse & Lee a reasonable price for time of workmen while working on same heater."

Performance of such contract on the part of the plaintiffs was alleged, and judgment asked. The execution of the contract was denied by the defendant, and, among other things, he pleaded as follows: "That at and prior to the making of said written contract defendant had no knowledge as to the character and capacity of the furnace provided for, or the way to set it; that plaintiffs knew all these matters, and how it should be put up, and defendant was obliged to and did rely on the representations of plaintiffs; that the writings sued on were made by the plaintiffs and signed by the defendant, with the understanding that they did not contain all of the representations, agreements and guaranties orally made between them, nor of the whole contract, and were not to preclude defendant from showing the complete understanding of the parties that the oral agreements should stand as part of the entire contract; that plaintiffs represented that it would not be necessary to make said contract formal and complete; that defendant could confide in the good faith of plaintiffs to carry out the oral agreements; that defendant had confidence in plaintiffs, and, depending on said representations, signed the contract, but defendant alleges that said representations were fraudulent, and for the purpose of inducing him to accept and sign the imperfect contract; that at

or prior to signing said contract, and as part of the contract orally made, plaintiffs orally guarantied that said furnace would be capable of heating all of said rooms in the coldest weather to the temperature of at least seventy degrees, by the use of not exceeding fifteen tons of hard coal during the heating season. That said representations were untrue and fraudulent, and so known to be to plaintiffs."

The court instructed the jury as follows:

"21. If you find from the evidence in this case, and by a preponderance thereof, that the contract and agreement between the parties with respect to the purchase of said furnace in question was, by agreement and understanding between them, made partly in the writings introduced in evidence and partly in parol, and that it was understood and agreed that part only of such contract should be reduced to writing, and the remainder remain in parol, with no writing to witness it, such an arrangement would be legal and binding, and such contract, if in this case shown by a preponderance of the evidence, would be binding according to its terms upon the parties thereto.

"22. You are instructed that if you find from the evidence that there was a contract partly in writing and partly verbal, and further find that the furnace in question, being properly operated, did not comply with and fulfill the terms of such partly written, partly verbal, contract, as alleged, and the defendant notified plaintiffs of such failure, and requested them to remove the same, the plaintiffs cannot recover in this action, and the defendant would be entitled to recover any part of the purchase money paid to plaintiffs, and also any damages by him sustained by reason of the failure of the furnace to work as represented, as such damages may be shown by the evidence, and defined in these instructions.

"23. If you find from the evidence, and by a preponderance thereof, that the plaintiff undertook, promised and guaranteed by said contract, alleged to be partly verbal and partly written, that said furnace would heat to the extent of seventy degrees, or would properly

heat the rooms alleged, by the use of not exceeding fifteen tons of hard coal in each heating season ; and further find from the evidence that the said furnace, being properly operated and managed, failed to heat the rooms as agreed, and did, in attempts to heat the same, made with the knowledge and assent of the plaintiffs, use hard coal to an amount in excess of fifteen tons of hard coal in each heating season,—the plaintiffs would be liable for the reasonable value of the coal so used in excess of said fifteen tons in each heating season, as shown by the evidence. But you are instructed that the plaintiffs would not be liable to the defendant for any alleged diminution of the rental value of said rooms by reason of the fact that the same were not heated as represented.

"24. If you fail to find from the evidence that plaintiffs undertook and guaranteed in the alleged partly written, partly verbal, contract that the furnace in question would properly heat the rooms in question by the use of a certain amount of hard coal, you will find for the plaintiffs on the claim for damages for use of an excessive quantity of hard coal."

I. It is stated in an amended abstract filed by the appellee that the bill of exceptions is as follows: "And in further trial of said cause the following was the evidence in said cause taken down by the official reporter of said court; and objections to the evidence, rulings of the court, exceptions, and all the rulings of the court on the evidence so taken, are as follows :

1. Appeal: bill of exceptions : directing clerk to insert evidence : short-hand notes not translated.

(Here clerk will insert evidence taken by short-hand reporter and filed in this case June 29, 1886, marked 'C,' and certified by this court.") This is followed by a certificate of the clerk that no translation of the short-hand notes has ever been filed in his office. Counsel for the defendant contends that the evidence is not sufficiently identified in the bill of exceptions, and, therefore, what purports to be the evidence introduced on the trial contained in the abstract should be disregarded, and we feel constrained to say that this position must be

sustained.    It is true, the short-hand notes are identified,. but they are not intelligible.    It is such notes, however, that the clerk is directed to insert in the bill of excep- tions prepared for this court.    As there has been no translation, he can only send up the original notes.    This he has not done ; but if he had, we must confess our inability to read or understand them.    If there had been a translation filed in the clerk's office, duly certified by the reporter, the clerk would have been authorized to insert it in the bill of exceptions; and transmit to this court the evidence as translated.

   II.    It will be observed that the court instructed the· jury, in substance, that if the evidence justified them in·

2. ——: practice: so doing they might find that there was a reviewing instructions parol guaranty or warranty, in addition to· without evi- dence. the one reduced to writing, and contained therein.    The instructions were excepted to, and coun-- sel for the appellant contends that they are erroneous. But counsel for the appellee insists that we cannot determine this question, because the evidence is not before· us, and therefore the instructions may not be based on or applicable to the evidence.    It is apparent that the· defendant pleaded as a defense that there was an oral warranty.    The instructions, therefore, are applicable to· the issue presented by the pleadings ; and as to the instructions in such case given by the court the rule is. that it will be presumed that there was evidence on which they could be properly based.    *McMillan v. Bur-. lington & Mo. R. Ry. Co.*, 46 Iowa, 231.    The question, therefore, is fairly presented whether the instructions. are erroneous, and we have to say that we think they are.    This question was considered in *Mast v. Pearce*,.

3. CONTRACT: parol to add warranty to writing. 58 Iowa, 579 ; and we reached the conclu- sion that where a writing was full and com- plete, which did not contain a warranty, or· where it did, that an additional warranty could not be established by parol.    It is sufficient to say that we· adhere to the decision made in that case.

   III.    It is contended that the cited case is not appli- cable, for the reason that fraud is pleaded in the case

4. INSTRUCTIONS: at bar, and that in such case a different rule
judged by
issues pre- prevails. This may, for the purpose of this
sented in
charge. opinion, be conceded ; but it will be observed
that the question of fraud was not submitted to the jury.
It is true, the court, in reciting the allegations in the
pleadings, stated the fact that fraud was pleaded ; but
this is not sufficient when the jury are not directed to
determine such question, under proper instructions as
to what constitutes fraud, and what is the legal effect if
the jury find it is established. The other errors assigned
cannot be considered because of the condition of the
record.

REVERSED.