Runge v. Hahn.

## RUNGE v. HAHN.

**Appeal:** TRIAL DE NOVO : CERTIFICATION OF EVIDENCE BY DEPOSITION. A recital in the certificate of the trial judge to the evidence in an equity case, that the cause was submitted upon packages of depositions filed upon certain dates, does not identify such evidence as required by chapter 35, Laws of 1882, repealing and amending section 2742 of the Code. The certificate should, by setting out the name of the witness, or the name of the officer before whom the deposition was taken, and the date when taken, or other explicit recital, identify with certainty the items of evidence referred to. (*Cross v. Burlington & S. W. Ry. Co.*, 58 Iowa, 63, which arose before the enactment of said statute, *distinguished*).

*Appeal from Keokuk Circuit Court.*

FILED, MAY 23, 1888.

THIS is an action in equity for the reformation and enforcement of a written contract for the payment of money. Judgment for plaintiff in accordance with the prayer of the petition. Defendant appeals.

*C. G. Johnston* and *E. S. Sampson & Son*, for appellant.

*Harned & Mohland* and *G. D. Woodin*, for appellee.

REED, J.—The cause was submitted at the January term, 1886, of the circuit court, and taken under advisement, and the judgment was entered at the October term in the same year. The circuit judge, at the time of the submission, signed the following certificate: "And now, on this day, to-wit, * * * this cause came on for hearing. * * * The cause is tried and submitted to the court on the following evidence, and none other, to-wit: Plaintiff offers—(1) package of depositions filed June 23, 1885; (2) package of depositions filed December 3, 1885; (3) package of depositions filed January 6, 1886. Plaintiff rests. Whereupon the defendant offered the following evidence, to-wit: Package of depositions filed December 26, 1885. Defendant rests. I, W. R. Lewis, before whom the above-entitled cause was tried, do hereby certify that the above and foregoing schedule correctly specifies and refers to all the evidence offered and all the evidence received on the trial of the cause." At the November term, 1887, of the district court (the circuit court having in the meantime been abolished, and the business pending therein transferred to the district court), an order was entered on defendant's motion correcting the certificate as to the date of filing of the first package of depositions referred to, making the date the twenty-ninth, instead of the twenty-third of June, 1885. Appellee filed a motion in this court to strike out the evidence contained in the abstract, on the ground that it was not properly identified, and that the trial judge had not certified the evidence on which the cause was submitted, as required by

Runge v. Hahn.

law. He also filed an amended abstract denying that all the evidence is contained in appellant's abstract. We find it unnecessary to inquire whether the district court had any jurisdiction, after the expiration of the time allowed for taking the appeal, to correct the certificate. It is proper to say, however, that the case of *Lewis v. Markel,* 71 Iowa, 652, is not strictly analogous. In that case the judge, after the expiration of six months from the rendition of the judgment, amended the certificate by inserting therein a matter essential to its validity. In effect there was no certificate until the amendment was made, so that that which was done by the amendment amounted to the making of a certificate at that date; and we held that under the statute the judge had no authority to sign a certificate at that time. Here what was done was simply to correct a clerical error in the certificate, and the correction was made by the court whose record was affected by it. But we deem it unnecessary to go further into that question, for in our opinion the certificate as amended is not sufficient. The statute (Code, sec. 2742, as amended by ch. 35, Acts 19th Gen. Assem.) requires the trial judge in equitable actions to certify all the evidence offered and introduced upon the trial. The object of this provision is to secure such identification of the items of evidence offered and introduced upon the trial that no question can fairly arise upon appeal as to what the evidence is. The certificate of the judge, when it properly identifies the evidence, has the effect to make it part of the record. It is not essential, as was contended by counsel for appellee, that it contain an express declaration or order making the evidence part of the record; but that result follows when it identifies the different items of evidence offered and introduced on the trial, and is signed in due time. And it cannot, in the matter of identification, be supplemented by the certificate of the clerk. The office of the certificate of the clerk required by section 3184, since the enactment of chapter 35, Acts Nineteenth General Assembly, is to identify and authenticate the record. Before that enactment, depositions and other papers used merely as

evidence were not deemed part of the record, and could be identified by the clerk's certificate ; but its effect clearly is to change that rule. *Cross v. Burlington & S. W. Ry. Co.*, 58 Iowa, 63, arose before its enactment, and it is not now an authority on the question. A recital in the certificate that the cause was submitted upon packages of depositions filed upon certain dates does not identify the evidence, and does not comply with the requirements of the statute. For such recital would apply to any depositions which may have been filed upon those dates, and leaves it to the clerk and the parties to determine what particular depositions were intended. But the confusion and uncertainty which was liable to arise under that practice is the very evil which the legislature intended by the enactment to correct. The certificate then should, by setting out the name of the witness, or the name of the officer before whom the depositions were taken, and the date when taken, or other explicit recital, identify with certainty the items of evidence referred to. We cannot therefore consider the evidence contained in the abstract ; and, the questions in the case being alone of fact, there is nothing we can decide, and the judgment must accordingly be

AFFIRMED.