Fleming v. Stearns.

## FLEMING V. STEARNS *et al.*

1.  **Appeal:** BILL OF EXCEPTIONS : WHAT SUFFICIENT : REPORTER'S NOTES. Where the short-hand reporter's notes in a law action are ordered to be made a part of the record, and they are duly certified by the judge, on the day of the verdict, as containing all the evidence offered or introduced, and all the objections and rulings made and exceptions taken, this constitutes a sufficient bill of exceptions; and it is immaterial that the translation of the notes is not filed within the time allowed for taking an appeal. (See opinion for citations.)

2.  **Sale :** PARTNERSHIP : EVIDENCE : ADMISSIONS. In an action against defendants jointly, though not as partners, when one of them claimed to have had nothing to do with the purchase declared on, evidence was properly admitted to the effect that he had stated in plaintiff's presence that he and the other defendant were partners in the business for which the purchase was made; also evidence that he had made similar admissions when plaintiff was not present.

3.  **Instruction:** STATING ISSUES. The court instructed : "You will observe that the defendants do not deny that the plaintiff did sell the number of brick claimed, and at the price claimed." Defendants did not in their answer admit the price, but there was no controversy on the trial, and no conflict in the evidence, in regard to the price. *Held* that, as applied to the entire case, the instruction was correct.

4.  **Appeal:** REVERSAL : NOMINAL DAMAGES. This court will not reverse a judgment on the ground that mere nominal damages were not allowed the appellant.

5.  **Pleading:** CLERICAL ERROR : CURED BY OTHER AVERMENTS. Where the petition alleged that there was due from defendants to plaintiff a certain sum, with interest from October 1, 1888, but the other averments, and the evidence, showed that the property, the price of which was sought to be recovered, was sold and delivered about October 1, 1883, and the prayer of the petition asked for interest from that date, the date first named was properly discarded as a clerical error, and a verdict and judgment rendered in accord with the prayer of the petition.

*Appeal from Polk District Court.* — HON. JOSIAH GIVEN, Judge.

FILED, FEBRUARY 1, 1890.

ACTION to recover an amount alleged to be due for brick sold and delivered. There was a trial by jury and a verdict and judgment for plaintiff. The defendants appeal.

*Henry S. Wilcox*, for appellants.

*Thos. W. Cheshire*, for appellee.

ROBINSON, J.—The petition alleges that on or about the sixteenth day of October, 1883, the plaintiff sold and delivered to defendants forty-eight thousand, six hundred and forty-eight brick, for the agreed price of $6.75 per thousand, and that the amount for which they were sold is due and unpaid. The petition also alleges that the debt is due for property obtained under false pretenses, and demands a writ of attachment, which was issued.

Defendant D. N. Stearns denies the allegation of the petition, excepting he admits that he purchased of plaintiff, during the year 1883, as many brick as are charged for in the petition, but alleges that he has fully paid for them. Defendant William Stearns admits that his co-defendant purchased of plaintiff the brick mentioned in the petition, but denies having had anything to do with the purchase, and denies all other allegations of the petition. By way of counter-claim he alleges that the writ of attachment was wilfully and maliciously sued out and levied upon a judgment for the sum of three hundred and fifty-five dollars, which was due him. He demands judgment for actual and exemplary damages, for a reasonable attorney's fee, and for costs.

In reply to the answer of William Stearns, plaintiff alleges that said defendant is estopped from denying liability for the brick in controversy, for that a short time before they were sold and delivered he represented that he and his father, his co-defendant, were partners, and desired to buy brick of plaintiff during the building season of 1883, and that plaintiff believed and

relied upon said representations in making the sale. Plaintiff also alleges that he consulted and relied upon the advice of counsel in suing out the writ of attachment. The verdict was against both defendants for the full amount of plaintiff's claim, with interest thereon at six per cent. from October 16, 1883, and against William Stearns on his counter-claim. Judgment was rendered in harmony with the verdict.

I. Appellee has filed a motion to strike the evidence from appellant's abstract on the ground that the abstract fails to show that the evidence was preserved by bill of exceptions. In response to that motion appellant has filed a transcript. It appears from the record as it is now presented to us that the evidence and all proceedings had on the trial were duly reported by the official short-hand reporter; that the verdict was returned on the twenty-fifth day of May, 1888; that on the same day the judge before whom the cause was tried attached to the reporter's short-hand notes a certificate as follows: "I hereby certify that the foregoing is the official report of the above-entitled case; that it contains, together with the documentary evidence therein referred to, all of the evidence that was offered or introduced on the trial of said cause, and all of the objections and rulings made and exceptions taken; and the said official report in short-hand is hereby made part of the record in the above entitled cause." We omit the formal parts of the certificate and the signature. No objection is made to the form of the certificate. The report in short-hand so certified was duly filed in the office of the clerk of the district court on the twenty-sixth day of May, 1888. The motion for a new trial was filed two days later, and on the second day of June, 1888, the motion was overruled, and judgment was rendered. A translation of the short-hand notes was certified by the short-hand reporter in due form on the first day of September, 1888, and on the twenty-sixth day of January, 1889, was filed in the office of the clerk of the district court. It is claimed

*1. Appeal: bill of exceptions: what sufficient: reporter's notes.*

Fleming v. Stearns.

by appellee that, as the district court made no order extending the time for filing a bill of exceptions, the translation of the short-hand notes was filed too late to answer the requirements of the statute, if it were otherwise sufficient, and that the report in short-hand could not in any event take the place of a bill of exceptions. No formal bill of exceptions is required. If a judge attach to the evidence his certificate that it is all that was offered and received on the trial, it is a sufficient compliance with the statute as to the matter certified, in actions at law. *McCarthy v. Watrous*, 69 Iowa, 262, and cases therein cited. See also *Hurlburt v. Fyock*, 73 Iowa, 478; *Hunter v. Railway Co.*, 76 Iowa, 490. It was held in *Ross v. Loomis*, 64 Iowa, 433, that where the short-hand report is ordered to be made a part of the record, and a certificate of the judge in due form is attached, the evidence is sufficiently preserved. Following that case, and the others cited, we must hold that the short-hand report in this case, with the certificate of the judge, constitute a bill of exceptions within the requirements of the statute. Since this is an action at law, the fact that the translation of the report was filed more than six months after the original report was filed and judgment was rendered is not a fatal objection. *Hammond v. Wolf*, 78 Iowa, 227. The motion to strike will be overruled.

II. Appellants complain of the action of the court in permitting plaintiff to introduce in evidence portions of an affidavit filed in support of a motion for a continuance. Appellants had admitted that if the witness named in the affidavit (one Gibson) were present, he would testify as claimed in the affidavit. The affidavit alleged that in the spring of 1883 Gibson heard defendant William Stearns tell plaintiff that defendants were associated together in business, and were equally interested in purchasing brick and constructing buildings, and were partners. That portion of the affidavit is objected to, on the ground that no partnership is pleaded. That is true, but the petition charges the sale and delivery of brick

2. SALE: partnership: evidence: admissions.

to defendants, and that they orally agreed before the delivery thereof to pay the price named. If defendants were partners in the business for which the brick were procured, the promise of one would bind both, and the evidence in question tended to show that they were. It was therefore properly admitted. The affidavit also alleged that at a time when plaintiff was not present Gibson heard William Stearns make similar declarations. Appellant complains of the introduction of that part of the affidavit, on the ground that it could not form the basis of an estoppel; but the declarations charged were in the nature of admissions which tended to show that defendants were in fact bound jointly by the contracts in the line of their business made by one of them, and were therefore competent.

III. Appellant complains of the refusal of the court to permit a witness to answer the question, "What was the character of the brick furnished, as far as any portion not being acceptable?" The pleadings presented no issue to which the question could have referred, and the answer thereto was therefore properly excluded.

IV. Plaintiff claimed that, in collecting money of defendants for brick sold, he delivered to them certain tickets which showed where the brick went, the name of the transfer which hauled them, the number hauled, and time of delivery, and that defendants claimed it was their custom to take them. A witness was called for plaintiff who testified that when defendants settled for brick they generally took up the tickets. In admitting that testimony there was no error. D. N. Stearns had testified that he did not take up tickets on settlement. The evidence admitted tended to contradict that testimony, and to corroborate the claim of plaintiff as to the alleged custom of defendant.

V. The court charged the jury as follows: "You observe that the defendants do not deny but that the plaintiff did sell the number of brick 3. INSTRUCTION: stating issues. claimed, and at the price claimed, to the defendant D. N. Stearns; hence the plaintiff will be

entitled to recover therefor from him, unless D. N.
Stearns has proven his defense of payment." Neither
answer admits the price alleged, and both, in legal
effect, deny it. But there was no controversy as to the
price on the trial, and no conflict in the evidence in
regard to it. Therefore, as applied to the entire case,
the instruction in regard to price was correct. The
answer of D. N. Stearns does not admit the purchase
of the specific brick claimed for, but admits the pur-
chase of an equal number, and pleads payment. We
do not find any claim in the evidence that the brick in
question were not received, while plaintiff's claim, that
they were delivered, seems to be corroborated by
defendants. Therefore no prejudice could have resulted
from the giving of that portion of the charge under
consideration.

VI. Appellants contend that the evidence is not
sufficient to authorize a judgment against William
Stearns. It would serve no good purpose
to set the evidence out at length, but it is
sufficient to say that in our opinion it fully
supports the verdict as to the liability of said defendant
for the brick. It is said the evidence shows affirma-
tively that the ground on which the attachment was
sued out was false, and that William should have
recovered on his counter-claim. The evidence tends to
show that the suing out of the writ was not malicious,
and that the actual damage it caused, if any, was
merely nominal. We should not be justified in dis-
turbing the judgment on the ground that nominal
damages were not allowed.

4. APPEAL: re-
versal: nom-
inal damages.

VII. It is claimed that the verdict of the jury is
excessive. The petition alleges that there is due from the
defendants to plaintiff the sum of $328.37,
"with interest at six per cent. from the
sixteenth day of October, 1888." But it
also shows that the brick were sold and
delivered on or about the sixteenth day of October,
1883, and demands judgment for their price, with

5. PLEADING:
clerical error:
cured by
other aver-
ments.

interest at six per cent. "from the sixteenth day of October, 1883." The evidence shows that the brick were in fact sold and delivered on or about that date. It therefore appears that the allegation that interest was due from October 16, 1888, was a mere clerical error, which, under the averments of the petition and the prayer for judgment, was wholly immaterial, and it was properly so treated by the court and jury. We discover no error in the case prejudicial to appellants. The judgment of the district court is therefore

AFFIRMED.