## Martha J. Bunyan v. Martin Loftus, Appellant.

Sale of Intoxicating Liquors: VERDICT NOT EXCESSIVE. A verdict of one thousand dollars will stand against one of several who sold liquor to a man who was reduced thereby from being a prosperous business man to a sot, who exhausted his property, virtually ruined his business, squandered, the means of supporting his wife and all of which led to his abusing his wife. (9)

Amendment During Trial. Where plaintiff files an amendment to petition merely specifying the manner in which sales to her husband have injured her, defendant, not having moved for a continuance, can not object thereto. (4)

Instructions: NOT INCONSISTENT. An instruction limiting plaintiff's recovery, at all events, to sales made within two years before commencement of suit, is not inconsistent with another, that if no sales occurred up to a certain point of time within the two years, recovery was limited to after that point of time and before the beginning of suit. (5)

SAME. The court need not define the word, "contributed," used in an instruction. (7)

Admission of Evidence: ERROR CURED. Admitting evidence as to the number of plaintiff's children is cured by an express instruction telling the jury what it should consider in determining the liability of the defendant, which does not make the number of children an element. (8)

Stipulation as to Transcript: EFFECT OF. A stipulation that a certain transcript of the notes made by the reporter, certified by the clerk as such, may be filed in the appellate court as the only transscript to be filed under appellee's denial of appellant's abstract, "appellee merely intending to question the correctness of the record as to the evidence in the cause," merely dispenses with the clerk's transcript of the reporter's translation, and does not preclude appellee from objecting that the evidence has not been properly preserved. (2)

Shorthand Notes: How Made of Record. Where the shorthand notes are filed in the clerk's office properly certified by the judge and the reporter, they become a part of the record without any direction to that effect in the judge's certificate. (2)

Translation: TIME OF FILING. Where the notes, in a law action, are filed with the clerk in time, duly certified by judge and reporter, they become a bill of exceptions, and it is not material that a translation thereof is not filed until after the time allowed wherein to settle a bill of exceptions. (2)

Amended Assignment of Errors: WHEN NOT STRICKEN. An amended assignment of errors filed without leave, after appellee's argument, will not be stricken when appellee is not prejudiced or submission delayed, and where the amendment is in furtherance of justice. (3)

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

WEDNESDAY, JANUARY 31, 1894.

ACTION for damages resulting to plaintiff from the sale of intoxicating liquors to her husband.—*Affirmed.*

*W. J. Roberts* for appellants.

*Craig, McCrary & Craig* and *J. G. Garretson* for appellee.

KINNE, J.—I.  Plaintiff sues for the sum of five thousand dollars damages, which she claims to have

sustained by reason of the unlawful sale of intoxicating liquors to her husband. It is alleged that the defendant Roger Loftus was the owner of the premises in which defendant Martin operated his saloon, and sold the liquors, and had full knowledge of said illegal sales. Plaintiff asks that the judgment be made a lien upon the real estate thus used. Defendants denied every allegation in the petition. The cause was tried to a jury, and a verdict returned for one thousand dollars, on which judgment was entered. Defendants appeal.

II. Appellee files a motion to strike the evidence, on the ground that it was never preserved by bill of exceptions or otherwise. In a stipulation filed in this court by the parties it is agreed "that the official reporter's transcript of the original shorthand notes filed in the court below on June 4, 1892, certified by the clerk of the court below that it is such transcript, may be filed in this court as the only transcript required to be filed by appellee under its denial of appellants' abstract, appellee merely intending to question the correctness of the record as to the evidence in the cause." It is claimed that by this stipulation appellee is precluded from raising the question as to whether the evidence has been properly preserved. We do not think that is a proper construction of the stipulation. In its absence, the appellants would have been required to have the clerk of the district court make a transcript of the translation of the reporter's notes, and to have filed it in this court. The only effect of the stipulation was to dispense with that, and in lieu thereof to permit the translation of the notes made by the reporter to be filed in this court, after being certified by the clerk as being correct. Leaving out of consideration, for the time being, the effect of the order of the court giving time to settle a bill of exceptions, and appellants' failure to act thereunder, was the evidence properly preserved? We need

not set out the certificates of the reporter and judge. Both certified to the notes and fully identified them as being the notes taken by the official reporter on the trial of this case in the district court. The only objection now raised, as we understand it, is that the judge's certificate is insufficient because it contains no direction expressly making the notes a part of the record. No such direction was necessary. The statute provides that "the original notes of any testimony taken in any case shall be filed in the office of the clerk of the court and become a part of the record in said case." Chapter 195, section 2, Acts, Eighteenth General Assembly. If the shorthand notes are properly certified by the reporter and judge, and are filed within the proper time, they become a part of the record by virtue of the statutory provision above quoted, and without a special direction to that effect by the judge in his certificate. Cases are cited in which the judge's certificate expressly directed that the evidence certified be made a part of the record. (*Hurlburt v. Fyock*, 73 Iowa, 477, 35 N. W. Rep. 482; *Fleming v. Stearns*, 79 Iowa, 256, 44 N. W. Rep. 376;) but it was not held in these cases that such a direction on the part of the judge was necessary. In *Runge v. Hahn*, 75 Iowa, 735, 38 N. W. Rep. 389. REED, J., says: "The certificate of the judge, when it properly identifies the evidence, has the effect to make it part of the record. It is not essential * * * that it contain an express declaration or order making the evidence part of the record, but that result follows when it identifies the different items of evidence offered and introduced on the trial, and is signed in due time." The language above quoted has no reference to the time of filing the translation of the notes. We come, then, to the consideration of the question as to the effect, under the circumstances, of failing to settle a bill of exceptions within the time ordered by the court. The short-

hand notes, certified as we have stated, were filed March 23, 1892. The motion for a new trial was overruled April 2, 1892, and at that time the court ordered that the bill of exceptions be settled by May 1, 1892. No bill of exceptions was made or settled. The translation of the reporter's notes was filed June 4, 1892. There was no certificate of the judge to the translation of the notes. Now, the translation of the shorthand notes was not filed until long after the time allowed in which to settle a bill of exceptions. Section 2831 of the Code provides that bills of exceptions must be filed during the term, "or within such time thereafter as the court may fix; but in no event shall the time extend more than thirty days beyond the expiration of the term, except by consent of the parties or by order of the judge." We have held that no time is fixed by statute within which the transcript of the reporter's notes must be filed in a law action, but it will suffice if it is done within the time a transcript is required to be made by the clerk. *Warbasse v. Card*, 74 Iowa, 309, 37 N. W. Rep. 383; *Hammond v. Wolf*, 78 Iowa, 229, 42 N. W. Rep. 778; *Fleming v. Stearns*, 79 Iowa, 259, 44 N. W. Rep. 376. In *McCarthy v. Watrous*, 69 Iowa, 260, 28 N. W. Rep. 586, a law action, the shorthand notes certified only by the reporter, were filed at the conclusion of the trial, but the transcript of them was not filed until long after the time given in which to settle a bill of exceptions.

To this transcript there was attached an insufficient certificate of the judge. It was held that the certificate must be filed within the time fixed in the order of the court for settling a bill of exceptions. In *Wadsworth v. Bank*, 73 Iowa, 426, 35 N. W. Rep. 504, a law action, it appeared that within the proper time the reporter certified to and filed his shorthand notes, but they were not certified by the judge. After the expiration of the time given to file a bill of exceptions, a

translation of the shorthand notes, duly certified by the judge, was filed. It was held that while the translation of the notes, duly certified by the judge, might be regarded as having the effect of a bill of exceptions, such certificate must be made within the time prescribed by the order of the court. It will be observed that these cases are not like that at bar. In those cases it was sought to preserve the evidence by filing the notes certified only by the reporter, and afterward filing a transcript of them, duly certified by the judge. In such a case the evidence does not become a part of the record, so as to stand as a bill of exceptions, until the judge has certified to the translation of the notes. In the case at bar the reporter and judge both certified to the notes, which, as we have seen, constituted them a bill of exceptions, and these notes, thus certified, were filed even before the conclusion of the trial. We see no reason, under such circumstances, for holding that the evidence was not properly preserved. The motion to strike the evidence must be overruled.

III. A motion is made to strike the amended assignment of errors because filed too late. This amendment, while filed after appellee's argument, and without leave, appears to be in furtherance of justice. *Stanley v. Barringer*, 74 Iowa, 36, 36 N. W. Rep. 877. In this case it does not appear that the submission of the case in this court has been delayed, or that appellee has been prejudiced thereby. The motion will therefore be overruled. *Hall v. Railway Co.*, 84 Iowa, 311, 51 N. W. Rep. 150.

IV. During the introduction of plaintiff's evidence she filed, with leave of court, an amendment to her petition, alleging that by reason of the wrongful sales of liquor to her husband she had been damaged in her means of support, and in loss of the business and property with which her husband supported her and her family. Error is assigned on the overruling of a

motion to strike this amendment. The ruling was proper. If defendants were prejudiced thereby, they could have made a proper showing for a continuance. They did not do so, and ought not now to be heard to object to the court's ruling.

V. It is insisted that the instructions given by the court covering the time for which plaintiff could recover were contradictory. We discover no ground for complaint in that respect. In one instruction the jury were told that, in any event, plaintiff could only recover for injuries occurring within two years next preceding the commencement of the suit; and, in another, that if they found that defendant sold no liquor to plaintiff's husband prior to May 12, 1891, she could only recover for damages, if any, caused by defendant since that time and prior to the beginning of her action. The instructions were consistent.

VI. The instructions of the court are much criticised. We have examined them with care, and think they fairly present the law applicable to the case; and those refused, in so far as they were correct, were covered by those in fact given. We can not consider specifically all of the objections made to the instructions, but we deem them without merit.

VII. It is urged that the court erred in refusing an instruction touching the contributing of defendant to the injuries sustained by plaintiff. It appears from the evidence that several saloon keepers, other than defendant, sold plaintiff's husband liquors. The instructions of the court upon this question were explicit and correct. Nor was it incumbent on the court to define the meaning of the word "contributed." It is safe to presume that the jury understood the common and accepted meaning of the word. To presume otherwise would be equivalent to holding that their ignorance was so dense as to unfit them for jury service.

VIII.   Many of the objections to the introduction of evidence are obviated by the amendment filed during the trial.   Error is assigned on the admission of evidence as to the number of children of plaintiff. It may be conceded that the admission of such evidence was wrong, but we think it was not prejudicial to defendant, in view of the express direction of the court to the jury as to what they could take into consideration in determining the defendant's liability.

IX.   The verdict, one thousand dollars, is said to be excessive.   We do not think so.   It is true that several saloon men had been selling this man liquor, but it clearly appears that he had been by drink reduced from a prosperous and efficient business man to a sot; that as a result his property was exhausted, his business virtually ruined, that thus the means of support for his wife had been squandered; and that, as a further result of his condition, he abused his wife.   To all this it clearly appears defendant contributed.   That he is now reaping the reward of his persistent wrongdoing is the fault of no one but himself.   We discover no error.   AFFIRMED.