| 98  | 339 |
|-----|-----|
| 102 | 495 |
| 98  | 339 |
| s105| 616 |

M. B. DRAKE v. J. B. FULLIAM, *et al.*, Appellants.

**Appeal:** BILL OF EXCEPTIONS: *Execution against estate.* A proceeding to have execution awarded against the realty of a deceased judgment debtor, brought under Code, 3092, is an action by ordinary proceedings, in the sense that if the evidence is not properly made of record by bill of exceptions, it will, on motion, be stricken from the abstract.

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

TUESDAY, MAY 19, 1896.

THE petition shows that in February, 1874, F. A. Drake became a judgment creditor of George W. Fulliam, which judgment has been assigned to plaintiff; that George W. Fulliam died prior to June 14, 1893; that J. D. Fulliam, defendant, became the administrator of his estate; that her claim, in judgment, was duly filed and allowed against said estate; that the personal estate is insufficient to pay the judgment; that George W. Fulliam, at the time of his death, had real estate,—and this proceeding is under Code, section 3092, praying the court to award execution against the same. Issues were taken by answers, and tried, and the court awarded execution, as prayed, from which order the defendants appealed.—*Affirmed.*

*Richman & Burk* for appellants.

*Jayne & Hoffman* for appellee.

GRANGER, J.—Appellee presents a motion to strike the evidence from the abstract, because the same had not been preserved by a bill of exception. The evidence is certified by the trial judge, but the time at

which it was certified, does not appear. The parties are in dispute whether the proceeding has been tried as an ordinary or equitable one. In this respect, there is hardly room for doubt. The petition is designated, as the law requires, for an ordinary action, by the word "petition." Code, section 2646. It states the facts, under the provisions of the Code, and asks an order, awarding execution. The law requires, that execution shall be awarded, "unless sufficient cause be shown to the contrary." Id. section 3095. The answers ask for no relief. They merely present a showing against granting the order. The judgment is a statement of the facts found, under the averments of the petition, and a finding that no sufficient cause has been shown against granting the order, and execution is awarded, with an allowance of thirty days in which to settle, sign, and file a bill of exceptions. Whether the proceeding has been a civil action, or a special proceeding, the situation is the same, for the procedure has been in all particulars that of an ordinary action. No bill of exceptions has been filed, and, if the evidence, as certified by the judge, could be so treated, which we do not decide, the result must be the same; for the evidence was not filed until long after the time fixed for filing the bill of exceptions. See *Bunyan v. Loftus*, 90 Iowa, 122 (57 N. W. Rep. 685), and cases there cited. It is thought that the motion should not be entertained because another motion was filed and overruled, and that one motion should not be permitted to follow another. The other motion was to affirm because no abstract had been filed and the appeal was not prosecuted with diligence. That motion was filed before the abstract was filed or served, and hence the grounds of the present motion were not then known. The motion to strike the evidence from the abstract is sustained. With

the evidence out of the record there remain no questions for us to consider, and the judgment will stand AFFIRMED.