ESTELLA D. MARKLEY V. GEORGE B. OWEN, Appellant, ELIZABETH D. HIGGINS, Intervener.

**Action for New Trial: APPEAL:** *Bill of exceptions.* Code, chapter 1, title 19, sections 3155, 3158, providing that petitions for new trials shall be tried "as other actions by ordinary proceedings," applies whether the original action was an ordinary or an equitable proceeding, unless the parties otherwise agree; and hence, the minutes of the evidence taken in the proceedings for new trial, though' certified to by the judge, cannot be considered on appeal, unless signed and filed during the term, or in such time thereafter as may be fixed by the court, as required in respect to a bill of exceptions.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

THURSDAY, MAY 27, 1897.

ACTION to quiet title to real estate. Decree for plaintiff, and the defendant appealed.—*Affirmed.*

*W. F. Fitzgerald* and *Jamison & Smyth* for appellant.

*Rickel & Crocker* for appellee.

GRANGER, J.—The action is by the plaintiff to quiet her title to eighty acres of land. Defendant Owen, as trustee, appears, claiming title as such. Intervener, Higgins, represents herself as a mortgagee of plaintiff, and thus interested in the land, and unites with the plaintiff in sustaining her title. A decree was entered for plaintiff October 30, 1894. November 16, 1894, the defendant filed a petition for a new trial on the ground of fraud practiced by the plaintiff in obtaining the judgment, and because of newly-discovered evidence. This issue was tried, and March 13, 1895, the court denied the

petition for a new trial, and the defendant appealed from the judgment for plaintiff, and from the order refusing a new trial.

I.   The record is presented here by a bill of exceptions embodying the two proceedings, the evidence being preserved separately, and plaintiff presents a motion to strike from the abstract the evidence purporting to be taken in the proceedings for a new trial, on the ground that the judgment therein appealed from was in an ordinary proceeding, and the bill of exceptions was not settled at the term in which the cause was tried, and no time beyond the term was granted by consent or by order of the court.   There seems to be no dispute about the facts of the bill of exceptions being settled after the term, and without an order or agreement. There is, however, in the bill of exceptions, a certificate of the judge sufficient to preserve the evidence under the rule applicable to equity cases, and we meet the contention whether issues upon a petition for a new trial are to be tried as ordinary or equitable actions. Appellant makes no question but that in cases where the principal action is an ordinary one the other is also. But he urges that, where the principal action is by equitable proceedings, so must the proceeding for a new trial· be.   The proceeding for a new trial is under chapter 1, title 19, of the Code, the import of which is not, in all respects, clear.   Section 3155 is of that chapter, and, after providing for the commencement of the proceeding, and the formation of the issues, it is said:   "The case shall be tried as other cases, by ordinary proceedings, but no petition shall be filed more than one year after final judgment was rendered."   The following is section 3158, also in the same chapter:   "In such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service, and mode of return, and the pleadings shall be governed

by the principles, and issues be made up by the same form, and all the proceedings conducted in the same way, as near as can be, as in original action by ordinary proceedings, except that defendant shall introduce no new cause, and the cause of the petition shall alone be tried." These two sections contain the only language of the chapter indicating the character of the proceedings under it. There is some reason to think that section 3155 has reference more especially to the first subdivision of section 3154, see *Carpenter v. Brown*, 50 Iowa, 451, and that section 3158 refers to sub-divisions 4, 5, 6, 7, and 8 of the section; but, without fixing the precise applicability of the different sections, it will be seen that the two provisions, as to the mode of trial, comprehend all actions under the chapter. This, with the absence of a reference to a trial by equitable proceedings, makes the legislative intent quite apparent. The most that is determined in *Hintrager v. Sumbargo*, 54 Iowa, 604, is that, where a case is tried below as an equitable action, it will be so tried in this court. In *Carpenter v. Brown, supra*,—a law action,— we held that the proceeding for a new trial was by ordinary proceedings, and that it was triable to the court without a jury. See, also, *Kruidenier v. Shields*, 77 Iowa, 504; *Mortell v. Friel*, 85 Iowa, 739, is an equity case, and there was a proceeding like this for a new trial, and we cited the case of *Carpenter v. Brown, supra*, and applied the rule of its being an ordinary proceeding. It seems that both the language of the statute and its application in this court sanction the rule that such cases, whether the original case is at law or in equity, are triable as ordinary actions, unless the parties in some way assent to a trial by the other method. There is some claim that this case was tried as an equitable action. The record does not show that as a fact, but we

think it otherwise appears. The parties, by a stipulation, fixed the time for trial, and that it should be "before the court," which probably signifies but little, as the trial must have been to the court in any event. The judge's certificate to the evidence is, practically, in two parts; the first being as to the principal case, where it is expressed that it was tried as an equity case. He then certifies anew as to the other proceeding, with much the same form and language, but with no statement that it was tried otherwise than as the law directs, —as an ordinary action. Under such a condition of the record, we cannot assume that it was tried in any other manner. To make the minutes of the evidence, certified to by the judge, answer for the bill of exceptions, it must have been signed and filed as is required in regard to a bill of exceptions; that is, during the term, or in such time thereafter as may be fixed by order of the court or by consent. See *Bunyan v. Loftus*, 90 Iowa, 122; *Drake v. Fulliam*, 98 Iowa, 339. It does not so appear, and we think the motion to strike the evidence must be sustained. With the evidence out of the record, there is nothing to be considered on this branch of the case.

II. It remains to consider the original case on the merits, unaffected by the proceedings for a new trial. Most of appellant's argument is devoted to the appeal from the order denying a new trial. It seems to us the effort for a new trial was to make good what appeared to be a hopeless case on the original hearing. The evidence is largely documentary,—that is, the important part of it,—and it seems to us to very conclusively show the title of the land in question in the plaintiff. She has occupied it since 1876, under a contract of sale, and, unless there is rank perjury, the land has been fully paid for. We will not elaborate the evidence or facts, for it would do no good. We simply announce our conclusion that the judgment must stand AFFIRMED.