## WATSON v. RISKAMIRE ET UX.

1. **Evidence**: HUSBAND AND WIFE: PRACTICE. In a civil action the husband and wife are not competent witnesses against each other, but objections to their competency should be made when they are sworn, or when it is proposed to examine them, and, if not then made, will be deemed to have been waived.

2. **Fraudulent Conveyance**: RIGHTS OF CREDITORS. A conveyance from the husband to the wife, without consideration, is a fraud upon the creditors of the husband even in the absence of an actual fraudulent intention, and this is especially true when the conveyance leaves the husband insolvent.

*Appeal from Benton District Court.*

WEDNESDAY, DECEMBER 13.

IT is alleged in the petition that plaintiff recovered two judgments against the defendant, John H. Riskamire, one in October, 1874, and the other in April, 1875, and that the whole of the first judgment, and a part of the second is unpaid; that said defendant was and for a long time had been the owner in fee of 80 acres of land in Benton county, and on the 17th day of September, 1874, he conveyed said land to his co-defendant, Sarah J. Riskamire, who is, and then was, his wife; that said conveyance was voluntary, and made for the purpose of hindering, cheating, delaying, and defrauding the creditors of said John H. Riskamire, who is insolvent, and

has no other property. It is asked that said conveyance be declared fraudulent, and that said land be subjected to the payment of said judgments. Defendants answer, alleging a want of knowledge sufficient to form a belief as to the judgments, and that the said conveyance was made in good faith for a valuable consideration, which was paid.

There was a decree for plaintiff, and defendants appeal.

*Bishop & Bishop*, for appellants.

*St. Clair & Nichols*, for appellee.

ROTHROCK, J.—I. The plaintiff took the depositions of the defendants to sustain the issues on his part, and at the close of the examination of each of said parties, the defendants excepted to said depositions because said witnesses were called, sworn, and testified, at the instance of the plaintiff and against each other. The same objection was made in the form of a motion to suppress the depositions, which was overruled by the court, and defendants excepted.

1. EVIDENCE: husband and wife: practice.

Chapter 33, Laws of 1874, provides that " neither the husband nor wife shall in any case be a witness against the other, except in a criminal prosecution for a crime committed by the one against the other, etc." Under this act the defendants in this case are not competent witnesses as against each other. It is not a question as to the competency or admissibility of their testimony, but the objection lies to them as witnesses.

We believe, however, that the objection should be made to the competency of a witness when he is sworn, or at the latest, when it is proposed to examine him as a witness, and if no objection be interposed until after the close of the examination the objection should be held to have been waived.

II. The evidence shows that the conveyance in question was made and placed upon record by the husband without the knowledge of the wife. At the time of the conveyance both parties had full knowledge of the second judgment of plaintiff, and also that the husband had no other property.

2. FRAUDULENT conveyance: rights of creditors.

The alleged consideration was certain personal property consisting of horses, cows, sheep, a harness and wagon, and some household furniture which the husband received from the wife's guardian, in 1847 and 1849. There was no agreement that he was buying the property of his wife, but it was agreed he was to take it and handle it as his own, and pay her interest on it. We do not think that this created such an obligation on the husband in favor of the wife as to make a valid consideration for a conveyance, as against the creditors of the husband. When the conveyance from the husband to the wife is without consideration it is a fraud upon the creditors of the husband, and it is not necessary to show an actual fraudulent intention. Especially is this true when the conveyance leaves the husband insolvent and without means or property to pay his debts. Kerr on Fraud and Mistake, p. 196, *et seq.*

It is urged that the debt of plaintiff was amply secured by a mortgage upon other property, and that, therefore, the conveyance was not fraudulent as to plaintiff.

But it appears that the mortgaged property was exhausted, and that the plaintiff is now seeking the collection of the balance due him. This rebuts the idea that plaintiff's debt was amply secured, and that the husband had ample means to pay his debts aside from the land now in controversy.

III. The record before us does not show when the debt upon which the judgment rendered in October, 1874, was contracted. The conveyance of the land from the husband to the wife was made in September, 1874. Counsel for defendants urge that the evidence does not show that the plaintiff was an existing creditor, as to this judgment, at the time of the conveyance. This is correct, and as there is no such showing made as in our judgment would render this conveyance void as to subsequent creditors, the decree of the court below will be modified so as to hold the conveyance void only as to the balance due on the judgment on the debt which was secured by mortgage.

The plaintiff may at his option have his decree entered in this court, or the cause will be remanded to the court below for that purpose.    MODIFIED AND AFFIRMED.