## WHITE v. SMITH.

1. **Evidence**: COMPETENCY OF WITNESS: PRACTICE. The question of the competency of a witness cannot be raised by an objection to his testimony as "incompetent, immaterial and irrelevant."

2. **Fraudulent Representations**: SALE OF REAL ESTATE: MEASURE OF DAMAGES. In an action to recover damages for fraudulent representations, where it appeared that the defendant had sold plaintiff a lot, knowing that he intended to build a residence thereon, and had falsely represented that there was a street upon the north side of the lot, and the plaintiff purchased and erected a valuable residence in reliance upon such representation, and with reference to the supposed street, it was held that the plaintiff was entitled to recover as special damages, in addition to the difference in value of the lot, the difference between the market value of the house as a residence with a street as represented and without such street, it appearing that the public records did not show the condition of the property with respect to streets.

*Appeal from Jones District Court.*

WEDNESDAY, JUNE 23.

ACTION to recover damages for alleged fraudulent representations made by the defendant, by means of which the plaintiff was induced to purchase about two acres of land at Olin, Jones county, upon which to erect a dwelling house. It is claimed that the defendant had laid out, platted and recorded an addition to said town, and that he took the plaintiff upon the premises in question, and falsely and fraudulently pointed out and asserted that said land so purchased was bounded on the north and east by streets, and that it was thus situated on a corner, whereas in truth and fact there was no street

upon the north side of said premises.    That plaintiff relied upon said representations and purchased the· property, and that defendant well knew at the time of said sale, and plaintiff informed him, that he intended to erect a good dwelling-house on said land, with a frontage to the north upon said street, and that the contract was made by both parties with express reference to said fact of building thereon in the manner aforesaid.    That plaintiff in the full belief that there was a street on the north of said premises, and that the lot he purchased was corner property, erected a costly residence with reference to that fact.    That afterwards the defendant sold the land on the north, which he had represented to be a street, to another party, who erected a house upon the extreme east end thereof, and closed up what was represented as a street.

There are proper averments as to the knowledge of the defendant that there was in fact no street on the north of said land.    The defendant took issue upon the averments of the petition.    There was a trial by jury, which resulted in a verdict and judgment for the plaintiff for $400.    Defendant appeals.

*Sheean & McCarn*, for appellant.

*Oakley & Jamison*, for appellee.

ROTHROCK, J.—I. The plaintiff introduced evidence tending to show the truth of all the material allegations of the petition.    Thereupon the defendant presented a motion asking the court to direct the jury to find a verdict for the defendant, because the recorded plat of Smith's Addition to Olin showed that there was no recorded street on the north side of the land in controversy, and there was no testimony to show that defendant used any artifice or other means to induce the plaintiff not to examine said record, and that plaintiff did not examine said record, and that plaintiff did not exercise ordinary diligence to ascertain whether there was a street on said land.

The motion was overruled, and the court, upon the final submission of the cause, instructed the jury upon that question as follows:

"8. It is not every representation made by a party selling real estate that the party can rely upon, and recover damages therefor if untrue. A purchaser is required to use ordinary care and diligence in regard to those matters of which he may by such care and diligence obtain correct information, and when the public records show the condition of such real estate as to roads and streets the purchaser is required to look to such records for such information, and is not justified in failing to seek such information, and relying on representations as to such conditions. If the public records do not show the existence of such streets and roads, and lands are sold with reference thereto, by means of false representations as to the existence of the same, and damages occur to the purchaser, without his fault, then he is entitled to be indemnified."

The force and effect of the ruling of the court in overruling the motion, and in giving this instruction, cannot be fairly understood without an examination of the recorded plat. It is enough to say that the plat did not purport to cover or include the land claimed as a street, nor that purchased by the plaintiff. An examination of it will show that the south line of the plat corresponds with the north line of the land which it is claimed was represented by defendant to be a street.

The above instruction was not excepted to, and must, therefore, be regarded as the law of this case so far as this question is involved. It is, therefore, unnecessary to determine its correctness as an abstract proposition. That it was as favorable to the defendant as he had the right to ask, can admit of no question. In the closing sentence of the instruction the jury are told that, "if the public records do not show the existence of streets and roads, and lands are sold with reference thereto, by means of false representations as to the existence of the same, and damages occur to the purchaser

without his fault, then he is entitled to be indemnified." This was the precise situation of the land in controversy. The public records did not show the existence of a street, and there was evidence from which the jury was justified in finding that the false representations were made.

II. Witnesses were examined by the plaintiff upon the question as to the difference in value of the plaintiff's house

1. EVIDENCE: competency of witness: practice.

as a residence with and without a street on the north side thereof. Objection was made to this evidence as "incompetent, immaterial and irrelevant testimony." It is now urged that the witnesses were not competent to testify as to the value of the property, because it was not shown that they knew the value of real estate in that vicinity. We think if the defendant intended to urge an objection to the competency of the witnesses he should have been more explicit. We think, from the record before us, that objection was not made to the witnesses in the court below. If it had been the motion for new trial would have been more specific, or the court's attention would have been in a definite manner called to the fact that the witnesses were not shown to be qualified to testify as to values. Indeed, we do not understand that appellant assigns the incompetency of the witnesses as error. The assignment is that the evidence showing the decreased value of plaintiff's house, because of there being no street on the north, was incompetent. In *Haight v. Kimbark*, 51 Iowa, 13, the question was directly made, in the court below and in this court, that the evidence was incompetent because the witnesses were not shown to be qualified to testify as to the value of the property.

III. The court, after instructing the jury that if the plain-

2. FRAUDULENT representations: sale of real estate: measure of damages.

tiff was entitled to recover his measure of damages would be the difference in value of the lot without a street on the north side, and what it would be worth if it were bounded on the north by a street sixty feet wide, gave further instructions as follows:

" 5. You are further instructed that if you believe from

the evidence that at the time plaintiff purchased said lot that said defendant know it was intended as a residence lot; and if you further believe that plaintiff then and there told said defendant where and on what part of said lot he wished to build his house, and what the style of such house should be, and in what direction it should front; and if you believe that said defendant then and there, as an inducement to plaintiff to purchase said lot for a residence, represented to him that there was a street on the east and on the north side of the same; and if you believe that by said representations plaintiff was induced to purchase said lot for the sum of $400 for the purpose aforesaid, and that such purposes were known to defendant; if you believe that plaintiff then and there made said purchase and proceeded to build and did build a residence in the northeast corner of said lot fronting east and north, and that such design was communicated to defendant at and before said sale; and if you further believe that said representations of defendant made about a street on the north were false, and known to defendant at the time they were made to be false; and if you believe that plaintiff has been damaged thereby, then you will allow him for the same.

"6. In such case plaintiff's measure of damages is the difference between the market value of the house as a residence without a street on the north, and what the market value would be as a residence in case there was a street on the north. In fixing the damages on this branch of the case you will take the actual difference in the market value of said house as a residence with a street on the north and without one, and allow plaintiff such in addition to the amount you may allow him for the difference in the market value of the lot, if any, before the improvements were made. You will allow plaintiff no speculative or imaginary damages, but such actual damages as he has sustained, if any, by reason of such false representations, if any—such actual damages as are the direct result of such false representations, if any.

"7. It is claimed by defendant that plaintiff, before he

commenced to build said house and made the improvements on said lot, had notice that there was no street on the north line of the same. On this subject you are instructed: that if you believe from the evidence that plaintiff, before he commenced the erection of the house on said premises, knew that there was no street on the north line of said lot, then he cannot recover any damages to said house or improvements occasioned or resulting from the want of a street. The plaintiff could not, with the knowledge that no such street existed, build his house with a view to having it front on what he knew was not a street and then claim damages of defendant by so erecting it."

These instructions and the evidence upon which they are founded are combatted with great force by counsel for appellant as being essentially erroneous as a measure of damages. We are cited to *Gates v. Reynolds*, 13 Iowa, 1; *Moberly v. Alexander*, 19 Id., 162, and other cases determined by this and other courts, as holding and limiting the measure of damages for deceit in the sale of land to be " the difference between the actual value of the land purchased and its value if it had been as represented by the vendor, with interest." It is true these authorities lay down the general rule as defendant's counsel claims it to be, but the cases are the ordinary ones for fraudulent representations as to the quality of land, its proximity to market towns, and the like, and it does not appear in any of them that any special circumstances were in the minds or contemplation of the parties. In the case at bar the evidence tended to show, and the jury were warranted in finding, that the defendant when he made the false representations knew that the plaintiff desired the lot for residence property, and he was advised that plaintiff intended to erect his dwelling-house fronting upon and with reference to the streets, and that the plaintiff, still supposing that there was a street on the north, erected a building which cost some $3,000, with north and east fronts. Under these circumstances the plaintiff's legitimate damages were more

than the mere difference in value of the naked lot. If the plaintiff and defendant had made their contract without reference to the use, it might fairly be said that the defendant was not chargeable in excess of the general rule, because no greater injury could have been within his contemplation. If the damages are such as may be fairly and reasonably considered in the ordinary course of things to be the probable result of the plaintiff's acting upon the faith of the false representations, they are not remote and speculative, but direct and legitimate. The defendant in such case is responsible for all the damages which may reasonably be expected to result from his fraudulent conduct. In Addison on Torts, Vol. 2, 1046, it is said, " if special damages have been sustained by reason of the misrepresentation and deceit, or breach of warranty of a vendor, they may be recovered from the latter, if the plaintiff has claimed them in his declaration. Where a cable was warranted sound, and the purchaser relying on the warranty attached an anchor to the cable, and the cable was unsound and broke, and the purchaser lost his anchor, it was held that the value of the anchor might be recovered in addition to the price paid for the cable, but that the plaintiff must expressly claim it in his declaration." Citing *Bonadille v. Brenton*, 2 Moore, 582, 8 Taunt., 535.

We think the foregoing discussion disposes of all the questions made in argument. Our conclusion is that the judgment of the court below must be

AFFIRMED.