## BURTON v. BALDWIN ET AL.

1. **Deposition**: MOTION TO SUPPRESS: TIME OF FILING. Where the ground of a motion to suppress a deposition is the incompetency of the testimony, under section 3639 of the Code, it is not necessary that the motion be filed by the morning of the second day of the first term, under section 3751 of the Code.

2. **Evidence**: PERSONAL COMMUNICATION: ACTION AGAINST HEIRS. Where the witness, the widow of decedent, was made a co-defendant in a partition suit brought by one of the heirs against the others, and her testimony related to personal communications made to her by the decedent, and was given against the plaintiff, such testimony was incompetent, under section 3639 of the Code, notwithstanding the fact that she had no interest in common with the other defendants against the plaintiff.

3. **Evidence by Deposition**: INCOMPETENCY OF: TIME TO OBJECT TO. When the deposition of a witness is taken, objections to his competency as a *witness* must be urged when he is sworn, but objections to the competency of his *testimony* may be urged at the trial.

4. **Evidence**: ADVANCEMENT TO CHILD: BURDEN OF PROOF. A voluntary conveyance by a parent to his child is *prima facie* an advancement, and where the child claims that it was a gift, the burden is upon him to prove it.

*Appeal from Mahaska Circuit Court.*

TUESDAY, JUNE 12.

LEONORA BURTON, grandchild and one of the heirs at law of Thompson Baldwin, deceased, commenced this action for partition of about four hundred acres of land, of which said Baldwin died siezed. The widow of Thompson Baldwin and his three children, Marley and Sylvester Baldwin and Nancy M. Hull, are made parties defendant. The petition alleges that Thompson Baldwin conveyed to each of his said children advancements out of his real estate, and prays that these be considered in making partition. Pending the suit, Leonora Burton died, and Melker Burton, her husband and sole devisee, was substituted as plaintiff. The court found that the conveyances by Thompson Baldwin to his children were gifts, and not advancements, and, after setting off the widow's

dower, divided the remainder of the lands equally between the other defendants and the plaintiff. The plaintiff appeals.

*John F. Lacy* and *W. R. Lacy*, for appellant.

*M. E. Cutts, Lafferty & Johnson* and *Williams & Mc-Millen*, for appellees.

DAY, CH. J.—I. The evidence shows clearly that Thompson Baldwin conveyed to each of his three children, the defendants, one hundred and forty acres of land, for the expressed consideration of $3,300. It also clearly appears that they paid no consideratain for the conveyance. Whether these conveyances were intended as gifts or advancements, is the only question involved in the case. Mrs. Sophronia Baldwin, widow of Thompson Baldwin, was made a party defendant, for the purpose of ascertaining and assigning her dower, and she was a necessary party to the proceeding. The other defendants took her deposition, and proved by her certain declarations of the deceased, made to her about the time of executing the conveyances to the defendants, and subsequently thereto, tending to prove that the conveyances were intended as gifts, and not as advancements. The testimony was objected to as incompetent. This deposition was filed on the seventeenth, and the motion to suppress it was filed on the twenty-sixth, day of February. It is claimed that the motion cannot be considered, because made too late, under the provisions of section 3751 of the Code, requiring objections, other than for incompetency or irrelevancy, to be made by the morning of the second day of the first term held after the depositions have been filed, if they have been filed for three days prior thereto. The objections insisted upon are based upon section 3639 of the Code, and are for incompetency, and do not, therefore, fall under the provision of section 3751. Section 3639 of the Code provides that no party to any action or proceeding, and no husband or wife of any such party, shall be examined as a witness in

*[margin notes: 1. DEPOSITION: motion to suppress: time of filing. 2. EVIDENCE: personal communication: action against heirs.]*

regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, against the heir at law of such deceased person. This section, we think, renders the testimony of Sophronia Baldwin, objected to, incompetent. She is a party to the action, her testimony relates to a personal communication between herself and a person now deceased, and is given against the heir at law of such deceased person. It is true, she has no interest in common with the other defendants against the plaintiff, but such adverse interest does not seem to be necessary in order to the exclusion of the testimony. In *Blood v. Fairbanks*, 50 Cal., 420, a party who had no interest against the executor was excluded as a witness, under a statute substantially the same as ours. See also, as bearing by analogy upon the question under consideration, *Eckford v. DeKay*, 6 Paige's Ch., 565; *Woodhouse v. Simmons*, 73 N. C., 30; *Taylor v. Kelley*, 80 Pa. St., 95. The appellee cites and relies upon *Baker v. Kellogg*, 29 Ohio St., 663. The decision in that case was made under a statute which renders a party incompetent to testify where the *adverse* party is an executor or administrator, or one claiming as heir of a deceased person. The decision is based upon the language of the statute, which is materially different from ours. The appellees insist, however, that, at the time the deposition of Sophronia Baldwin was read in the case, her dower had been determined, and she was no longer a party to the proceeding, and that her testimony is competent, under the doctrine of *Markham v. Carothers*, 47 Texas 21; *Hayden v. McKnight*, 45 Ga., 147; and *Simpson v. Bovard*, 71 Pa. St., 351. Whatever may have been the position of the witness at the time the testimony was offered, her testimony was not competent when it was taken, and no subsequent change in her status could render her deposition already taken competent. See *Doty v. Wilson*, 14 Johns., 379; *Heyl v. Burling*, 1 Caines, 14; *City v. Haywood*, 2 Nott.

& McCord, 557. The testimony objected to, in our opinion, is not competent.

II. The defendants took upon interrogatories the deposition of Nancy M. Hull, a daughter and heir of Thompson Baldwin, and of her husband, O. H. Hull, both of whom are defendants in this action, and directly interested against the plaintiff. The testimony of these witnesses relates to personal communications between them and the deceased, Thompson Baldwin. The plaintiff moved to suppress their testimony as inadmissible under section 3639 of the Code. The defendants insist that the objections cannot be considered, because not made when the witnesses were sworn. The defendants rely upon *Watson v. Riskamire*, 45 Iowa, 231. That case is not in point. In it the objection was to the competency of the witness. Here the objection is not to the competency of the witness, but to the competency of his testimony. The witnesses were competent to testify as to all matters except personal transactions or communications between them and the deceased. The objections, we think, were taken in time. The testimony sought to be excluded is not competent, under section 3639 of the Code.

*3. EVIDENCE: by deposition: incompetency of: time of objecting to.*

III. A voluntary conveyance by a parent to his child is *prima facie* an advancement, and the burden of proof is upon the party claiming it to be a gift. *McCaw v. Burk*, 31 Ind., 56; *Weaver's Appeal*, 63 Pa. St., 309; *Holliday v. Wingfield*, 59 Ga., 206; *Morris v. Morris*, 9 Heisk., 814; *Ray v. Loper*, 65 Mo., 470; *Tremper v. Barton*, 18 Ohio, 418. The testimony of Mrs. Sophronia Baldwin, and of Nancy M. Hull and her husband being rejected, what remains is altogether insufficient to rebut the presumption which exists that the conveyances were intended as advancements. The court in making partition should have considered the value of the property conveyed to the three children of Thompson Baldwin, and erred in

*4. EVIDENCE: advancement to child: burden of proof.*

treating these conveyances as gifts. The evidence does not furnish any data for determining the relative value of the lands conveyed to the defendants, to those still held by the estate of Thompson Baldwin. Final decree cannot, therefore, be rendered in this court, and the cause must be remanded for additional testimony and decree.

REVERSED.