BALL v. THE KEOKUK & NORTHWESTERN RAILWAY COMPANY.

1.   **Practice** : IMPROPER STATEMENT TO JURY : AMOUNT OF VERDICT OF FORMER JURY.   On an appeal from the award of a right-of-way jury, it is improper for counsel for plaintiff, in stating the case to the jury, to refer to the amount of the award appealed from, but such impropriety is no ground for discharging the jury on defendant's motion. It is sufficient for the court at the time, and in the final instructions, to advise the jury that their verdict should in no way be influenced by the amount of such award.

2.   **Railroads** : RIGHT OF WAY : EVIDENCE AS TO DAMAGES.   In an action for damages to a farm, caused by taking the right of way for a railroad, witnesses were permitted to give their estimate of the value of the farm before the road was built, and then to state that it was worth a certain number of dollars less per acre after the road was built.   *Held* not prejudicial error, since each of the witnesses afterwards stated that the farm was worth a certain sum per acre after the road was built.

3.   ——: ——: DAMAGES : COMPETENCY OF WITNESSES.   In such case the testimony of farmers, who lived in the neighborhood of the farm in question, and who stated that they knew the value of lands there, was competent on the question of damages.

4.   **Evidence**: OBJECTIONS TO—NOT TO WITNESSES.   The objection of "incompetent, irrelevant and immaterial," to offered testimony, without more, goes to the testimony alone, and not to the competency of the witnesses. (Compare *White v. Smith*, 54 Iowa, 233).

5. **Railroads**: RIGHT OF WAY: DAMAGES: SET-OFF: INSTRUCTIONS. In an action against a railway company for right-of-way damages, it is proper for the court to instruct as to the constitutional provision that no benefits to the plaintiff are to be set off against his damages, even though no claim is made for such set-off on the trial.

6. ———: ———: ———: ALLOWANCE NOT EXCESSIVE. Considering the varying estimates of the witnesses, and other facts in the case (see opinion), a verdict of thirty-six hundred and forty-eight dollars for eleven acres of land taken for right of way for a railroad, cannot be regarded as so excessive as to justify interference by this court.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

FILED, MARCH 9, 1888.

THE plaintiff is the owner of a farm of two hundred and twenty acres. The defendant constructed a railroad over said farm several years ago. The plaintiff instituted proceedings to have his damages assessed under the statute. A commission or sheriff's jury was impaneled, and the damages were fixed at three thousand dollars. The defendant appealed from the assessment, and a jury trial was had in the court below, which resulted in a verdict of thirty-two hundred and fifty-nine dollars for the plaintiff. A new trial was awarded by this court, and another jury trial was had, and a verdict for thirty-six hundred and forty-eight dollars was returned for the plaintiff. The defendant appeals.

*James H. Anderson* and *H. H. Trimble*, for appellant.

*D. N. Sprague* and *Frank Hagerman*, for appellee.

ROTHROCK, J.—I. The cause was reversed upon the first appeal because the evidence did not identify the different tracts of land composing the farm. We are now advised that the land claimed to be damaged by the railroad consists of an entire farm of two hundred and twenty acres, made up of several contiguous government

1. PRACTICE: improper statement to jury: amount of verdict of former jury.

subdivisions. The defendant's first complaint is that one of the plaintiff's counsel, in his opening statement to the jury, in giving a history of the case, stated that the sheriff's jury fixed the damages to the farm at three thousand dollars, and that thereupon counsel for the defendant, claiming that such statement was misconduct on the part of counsel, moved the court to discharge the jury. The motion was overruled. What occurred in reference to the matter does not appear to have been made of record except by a statement taken down by the short-hand reporter. It is doubtful if this statement was made a part of the bill of exceptions. If it were properly of record, we do not think the cause should be reversed for a refusal to discharge the jury. While a delicate sense of propriety ought probably to deter counsel from stating to a jury the result of a former trial of the case, we are not prepared to say that it is such misconduct as to demand anything more from the court than an admonition to the jury that a knowledge of the amount of a former verdict should have no influence upon them. This was done by the court at the time, and afterwards in the instructions given at the close of the trial.

II. It is urged that the court erred in admitting incompetent and improper testimony by two of plaintiff's

2. RAILROADS: right of way: evidence as to damages.

witnesses, named Ball and Watson. It appears from appellant's abstract that these witnesses were permitted to give their estimate of the value of the farm before the road was built, and then to state that it was worth a certain number of dollars less per acre after the road was constructed. Whatever may be thought of this method of examining a witness, it appears that it could not have been prejudicial to the defendant, for the reason that both of the witnesses afterwards stated that the farm was worth a certain sum per acre after the railroad was built. This appears from an additional abstract filed by the appellee. This abstract is claimed by counsel for appellant to have been unnecessary and immaterial. But it is not denied. We make this reference to it

now, so that it will be understood that when we refer to the record we mean the record as amended by appellee's abstract.

III. We come now to consider objections made to the testimony of a large number of the plaintiff's

**3. ——:——:** *damages: competency of witnesses.* witnesses upon the question as to the damages to the farm by reason of the construction of the road. The uniform objection to all of the questions asked these witnesses as to the value of the farm before and after the road was built was that the question was "incompetent, irrelevant and immaterial." It is now insisted that the witnesses were not shown to be competent to give an opinion as to the value of the land. The record shows that each of the witnesses was a farmer, living in the neighborhood of the farm in question, and that he knew the value of lands. We believe it is the usual practice to take the testimony of a witness upon a question of value, when he states under oath that he knows

**4. EVIDENCE:** *objections to—not to witnesses.* the value of the property in question, or that eh knows the value of like property. A cross-examination may very much impair his testimony, but it is not for that reason to be taken from the jury. Moreover, the objection of "incompetent, irrelevant and immaterial," to offered testimony, without more, goes to the testimony, and not to the competency of the witness. *White v. Smith,* 54 Iowa, 233.

IV. It is contended that the court erred in refusing to give the fifth instruction to the jury, asked by the defendant; and in giving the sixth

**5. RAILROADS:** *right of way: damages: set-off: instructions.* instruction of the charge. The specific objection to the sixth instruction is that the jury are therein advised that it was not proper to set off benefits to the plaintiff, if any, on account of the improvement for which the land was taken. It is said there was no claim made to set off any of the damages by benefits to the plaintiff, and that the instruction was, therefore, erroneous. We think it was perfectly proper for the court to state

the law governing damages of this kind, as found in the constitution and statutes of the state, no matter what evidence had been introduced. We doubt if a case of this kind has ever been submitted to a jury in this state, without a direction as to the constitutional provision referred to in this instruction. As to the refusal to give to the jury instruction number five, asked by defendant, we deem it sufficient to say that, taking the instructions given by the court upon the measure of damages, to which the defendant's instruction number five applies, we discover no error in the ruling complained of. It appears to us that the court's charge to the jury is a very clear and fair statement of the law governing the rights of the parties, and that no more was required for the protection of the rights of either party.

V.   It is claimed that the verdict is grossly excessive in amount. As is usual in such cases, there is a wide difference in the estimates of value given by the witnesses. Some of those examined in behalf of the plaintiff place the damages at a much larger amount than the verdict. Some of the defendant's witnesses place the damages at what they regard the value of the land actually taken for the right of way, and a merely nominal sum in addition. A large number of the witnesses, in their estimates, range all the way between these extremes. The farm appears to be quite valuable. The railroad runs angling through it, and takes eleven acres for the right of way. The road was constructed in 1880, and the plaintiff was entitled to interest on the damages from that time to the time of the trial. Taking all these facts into consideration, we are content to let the verdict stand undisturbed.

VI.   Lastly, it is claimed the court erred in entering what is denominated a decree against the defendant. An examination of the record entry, as found in appellee's additional abstract, shows it to be in accord with the provisions of section 1257 of the Code, which fixes the order to be made in such cases.

AFFIRMED.