OF

## THE STATE OF IOWA

AT

## DES MOINES, MAY TERM, A. D. 1897,

AND IN THE FIFTY-FIRST YEAR OF THE STATE.

---

CATHERINE WINTERS, Proponent, v. JOHN C. WINTERS, Contestant, Appellant.

**Privileged Communication:** WILL CONTESTS: *Attending physician.* On probate of a will, the contesting heir at law, as well as the devisee or the executor, may examine the testator's attending physician in respect to information acquired in his professional capacity, though Code, section 3643, prohibits the disclosure of such information unless the party for whose benefit the prohibition is made waives his rights thereunder. It would, however, remain discretionary to exclude such testimony if it tended to blacken the memory of the dead.

**Objections to Deposition.** Objection to the deposition of a physician on the ground that it reveals confidential communications, go to the competency of the evidence, not to the witness, and hence may be made for the first time at the trial, under Code, section 3751, requiring objections other than for "incompetency or

(53)

irrelevancy" to be made at the taking of the deposition. *Greedy v. McGee*, 55 Iowa, 750, *overruled*.

**Appeal:** SKELETON BILL OF EXCEPTIONS. A skeleton bill of exceptions directing the clerk to insert the depositions or oral testimony "as shown by the minutes of the shorthand reporter," sufficiently identifies a deposition, where the reporter's minutes, clearly identifying it and duly certified, are on file; such minutes becoming a part of the record without an order.

*Appeal from Henry District Court.*—HON. H. C. TRAVERSE, Judge.

### TUESDAY, MAY 11, 1897.

M. F. WINTERS died January 21, 1895. He left, him surviving, his widow, Catherine Winters, and his brother and only heir, John C. Winters. The widow offered for probate a paper purporting to be his last will, leaving to her all his property, and naming her as executrix without bond. The brother filed objections thereto, alleging want of testamentary capacity and the exercise of undue influence. There was a trial to jury, verdict and judgment for proponent, and contestant appeals.—*Reversed.*

*Babb & Withrow* and *Blake & Blake* for appellant.

*McCoid & Finley* and *T. M. McAdám* for appellee.

LADD, J.—The will in controversy bears date January 2, 1895, nineteen days prior to the death of Winters. For some weeks previous to December 24 preceding his death, he had been at Hot Springs, Ark., and while there was treated for his ailments by A. F. Sanders, a practicing physician of that place. The contestant took the deposition of this doctor, and when he offered to read it in evidence, the proponent objected to the interrogatories as incompetent. This

objection was sustained by the court, and the testimony of the witness excluded. No objection was made at the time of the taking of the deposition, and no written motion or exception with reference thereto filed. The only questions argued relate to the exclusion of this evidence.

I.   The appellee moves to strike from the abstract that part containing the deposition of Sanders on the ground that the same is not identified in the skeleton bill of exceptions. Such bill directs the clerk to insert the depositions or oral testimony "as shown by the minutes of the shorthand reporter taken upon said hearing." This refers to the evidence with sufficient certainty. *Yount v. Carney*, 91 Iowa, 559 (60 N. W. Rep. 114). The evidence was taken down in shorthand by the official stenographer, and, after its introduction, was immediately certified as required by law, filed, and thereby became a part of the record. No order therefor was necessary. *Bunyan v. Loftus*, 90 Iowa, 124 (57 N. W. Rep. 685). The notes of the reporter clearly identify this deposition. The errors on the admission or the exclusion of evidence were, therefore, properly preserved. *Fleming v. Stearns*, 79 Iowa, 258 (44 N. W. Rep. 376); *Hood v. Railway Co.*, 95 Iowa, 331 (64 N. W. Rep. 261). Only two assignments of error are argued, and appellee urges that these are not specifically stated. They are stated, however, with as much particularity as the circumstances of the case will permit.

II.   To the interrogatories in the deposition of Sanders, concerning the condition of the deceased, and his opinion of his mental condition, derived while acting as his physician, the objection of incompetency was urged and sustained. It is insisted that this ruling was erroneous, because made for the first time at the trial. No exceptions to depositions other than for incompetency or irrelevancy

can be regarded unless made by motion before the case is reached for trial. Code, section 3751. The objection of incompetency, without more, goes to the evidence, and not to the witness. *White v. Smith*, 54 Iowa, 233 (6 N. W. Rep. 284); *Ball v. Railway Co.*, 74 Iowa, 132 (37 N. W. Rep. 110). Where the witness is made by the statute incompetent to testify at all, objection must be made when he is sworn. *Watson v. Riskamire*, 45 Iowa, 231. In *Burton v. Baldwin*, 61 Iowa, 283 (16 N. W. Rep. 110), it is held that objection to the testimony of a witness to personal transactions, or communications, prohibited by section 3639 of the Code, is timely if made during the trial. This section is so similar to section 3643 of the Code that the ruling must control in this case. It seems to be there held that if the witness is only prohibited from testifying with respect to some particular matter, but is otherwise competent, then the objection on the ground of incompetency may be urged at the time the deposition is offered in evidence. While the opinion in *Burton v. Baldwin* does not refer to the ruling in *Greedy v. McGee*, 55 Iowa, 759 (8 N. W. Rep. 651), the latter must be regarded as overruled. It follows that the objection was made in apt time.

III. The important question in this case is, whether the deposition of Dr. Sanders may be received in evidence, when offered by the contestant. Section 3643 of the Code, is as follows: "No practicing attorney, counselor, physician, surgeon, minister of the gospel, or priest of any denomination shall be allowed in giving testimony to disclose any confidential communication properly entrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice and discipline. Such prohibitions shall not apply to cases where the party in whose favor the same are made waives the

right conferred." On the authority of *Denning v. Butcher*, 91 Iowa, 425 (59 N. W. Rep. 69), this evidence, if offered by the proponent, should have been received, though no executor had been appointed. Ought it to be rejected when offered by an heir at law? At common-law, confidential communications to a physician, were not privileged, and they are only so made by statute. Those to an attorney, however, were privileged, and it was held that the attorney might not divulge without the consent of the client. while living, but that, after his death, in a contest between a stranger and an heir, devisee, or personal representative, the latter might waive the privilege and examine the attorney concerning the confidential communications, though the stranger was not permitted to do so; and, in a controversy between heirs at law, devisees, and personal representatives, the claim that the communication was privileged could not be urged, because, in such a case, the proceedings were not adverse to the estate, and the interest of the deceased, as well as of the estate, was, that the truth be ascertained. Hageman, Privil. Com., section 84; *Russell v. Jackson*, 9 Hare, 387; *In re Layman's Will*, 40 Minn. 371 (42 N. W. Rep. 286); *Scott v. Harris*, 113 Ill. 451; *Doherty v. O'Callaghan*, 157 Mass. 90 (31 N. E. Rep. 726); *Blackburn v. Crawfords*, 3 Wall. 175.

Does the statute change the common-law rule with reference to attorneys, or only extend it so as to include other professions? The authorities bearing on this question are conflicting, though not numerous. Under a statute requiring the privilege to be "expressly waived by the patient," the court of appeals of New York held that the seal of secrecy remains forever unless removed by the patient himself. *Westover v. Insurance Co.* (N. Y.) 1 N E. Rep. 104; *Renihan v. Dennin*, 103 N. Y. 573 (9 N. E. Rep. 320). This ruling

was contrary to the practice followed in that state for many years. (*Allen v. Public Administrator*, 1 Bradf. Sur. 221), and the legislature amended the statute in 1893, allowing the privilege to be waived by executor, surviving husband, widow, heir at law, or next of kin in a proceeding to probate the will of the patient. The supreme court of Indiana seems to have followed the cases cited in excluding the evidence when offered by the heir at law. *Heuston v. Simpson*, 115 Ind. 62 (17 N. E. Rep. 261). It is held otherwise in *Morris v. Morris* (Ind. Sup.) 21 N. E. Rep. 918, where the court permitted the administrator with the will annexed to call the attending physician as a witness, saying "he was the representative of the testator, and was seeking to maintain his will, and had the right, we think, as such representative, to call the attending physician who attended the testator in his last illness to prove the condition of his mind at the time the will was executed." *In re Flint's Estate* (Cal.) 34 Pac. Rep. 863, it is held that the privilege cannot be waived by an heir at law in a contest with the devisee. These decisions are based on the ground that the executor or devisee represents the deceased, and the evidence is offered to sustain the will, which it is the policy of the law to maintain. The particular vice in the reasoning in these cases, in making the distinction between the heir at law and the devisee, is the assumption that the paper in dispute is the will of the deceased. The statutes are for the benefit of the patient while living and of his estate when dead. The very purpose of the contest is to determine whether the deceased in fact made a will, who shall be his representative, and who is entitled to his estate. If he did not have testamentary capacity, then the paper was not his will, and it is not the policy of the law to maintain such an instrument. It is undoubtedly the policy of the law to uphold the

testamentary disposition of property, but not until it is ascertained whether such a disposition has been made. The same presumptions are indulged in favor of the validity of the will as of other written instruments. The paramount purpose in the first instance should be to ascertain whether the instrument presented is in fact the will of the deceased. And no one can be said to represent the deceased in that contest, for he could only be interested in having the truth ascertained, and his estate can only be protected by establishing or defeating the instrument as the truth so ascertained may require. The testimony of the attending physician is usually reliable, and often controlling, and to place it at the disposal of one party to such a proceeding and withhold it from the other would be manifestly partial and unjust. Such testimony, ordinarily, relates to the capacity of the deceased, and could rarely be perverted to the injury of character. Should it ever be necessary, the court might well, in its discretion, prevent blackening the memory of the dead. The language of the statute quoted indicates no intention on the part of the legislature to change the common-law rule with reference to confidential communications to attorneys. and it is difficult to understand why the rule of exclusion should apply in the case of a physician and not of an attorney. The statute places both on the same ground. As said in *Denning v. Butcher, supra:* "The settled practice in this state has been to receive the testimony of the attending physician touching the testator's physical and mental condition at and prior to the time of the execution of the will; and unless the reasons are obvious and urgent, and a proper construction of the statute requires it, no rule should be established which will set aside a practice long recognized as proper and necessary."

It is not very material to the result whether we say the heir or devisee may, in the interest of the estate of the deceased, waive the privilege, or that the statute does not apply to a case where the proceedings are not adverse to the estate, and the interest of the deceased as well as his estate could only be the determination of the truth. In either event we hold that in a dispute between the devisee or legal representative and the heirs at law, all claiming under the deceased, the attending physician may be called as a witness by either party. *Thompson v. Ish*, 99 Mo. 160 (12 S. W. Rep. 510).—Reversed.