C. E. BURDICK v. EMELINE RAYMOND, *et al.*, Appellants.

**Objections: WITNESS AND TESTIMONY.** An objection that testimony is incompetent, irrelevant, immaterial, hearsay, and not the best evidence, is insufficient to raise the objection that the witness is disqualified by Code, section 4604, prohibiting certain persons from testifying to personal transactions with decedents

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

FRIDAY, JANUARY 20, 1899.

THE plaintiff alleged in his petition that during the lifetime of Ambrose Burdick, his father, he entered into an agreement, partly oral and partly in writing, by the terms of which his father was to convey to him certain real estate described, and, in consideration thereof, this plaintiff promised to move thereon and care for his father and mother the remainder of their lives; that in pursuance of said agreement the father purchased the property, and plaintff moved thereon, and, on his part fulfilled all the requirements of said contract; that Ambrose Burdick failed to execute said deed, and the defendants, H. F. Schultz, the administrator of his estate, and the other heirs have neglected to do so. The defendants put in issue the making of the agreement, and aver that if made it was by way of an advancement. Decree was entered directing the administrator to convey the premises to

plaintiff, and quieting title in him against the heirs. Defendants appeal.—*Affirmed.*

*F. F. Faville* and *H. F. Schultz* for appellants.

*A. D. Bailie* for appellee.

LADD, J.— Various objections were interposed to the testimony given by the plaintiff and his wife, as that it was incompetent, irrelevant, immaterial, hearsay, and not the best evidence. None of these were well taken. Section 4604 of the Code prohibits the giving of testimony by certain persons in regard to personal transactions or communications between such witnesses and a person at the commencement of the action deceased, insane, or lunatic. In other words, the witnesses are made incompetent to testify as to such transactions or communications. The objection of incompetency, without more, goes to the evidence and not to the witness. *White v. Smith,* 54 Iowa, 233; *Ball v. Railway Co.,* 74 Iowa, 132; *State v. Hughes,* 106 Iowa, 125. True, we have held that the question of the competency of a witness to testify may be questioned for the first time when a deposition is being read in evidence. *Burton v. Baldwin,* 61 Iowa, 283; *Winters v. Winters,* 102 Iowa, 55. The statute construed in these cases provided that "no exceptions to depositions other than for incompetency or irrelevancy shall be regarded unless made by motion." Code 1873, section 3751. This language authorizes the objection to the evidence, either because of the incompetency of the witness to testify, or of the testimony given, but does not relieve the party interposing it from indicating to which he excepts. This conclusion is not in harmony with what was said in *Burton v. Baldwin, supra,* but does not involve overruling that decision. The first point there made seems to have been that, as the widow, though a necessary party, had no interest in the litigation as between the other defendants and the plaintiff, she might testify to personal communications from the deceased; and it was held that she, being a party, was prohibited from testifying, whether so

interested or not. It was next urged that the objection to the evidence of Nancy M. Hull should have been made at the time she was sworn, and it was held that objection made at the time of the trial was timely. As said in *Winters v. Winters, supra*: "If a witness is only prohibited from testifying with respect to some particular matter, but is otherwise competent, then the objection on the ground of incompetency may be urged at the time the deposition is offered in evidence." But we think the statement that "the objection is not to the competency of the witness, but to the competency of his testimony," is erroneous, as the statute, in explicit terms, prohibits the witness from testifying. In *Ball v. Railway Co.* and *White v. Smith,* it was held that, though the witness be qualified to speak generally, unless his competency to testify as to a particular matter is raised his evidence will be considered. The issue as to the competency of a witness to give evidence at all or on a particular subject is always for the court in the first instance, and must be raised by such an objection as will enable the court to determine it. The evidence of these witnesses was material and competent. The witnesses may have been incompetent. If so, the defendants had the right to waive that objection by remaining silent and allowing their evidence to be received. *McCormick v. Herndon,* 67 Wis. 648 (31 N. W. Rep. 303); *Sucke v. Hutchinson,* 97 Wis. 373 (72 N. W. Rep. 880); *Watson v. Riskamire,* 45 Iowa, 231; *Pillow v. Improvement Co.,* 92 Va. 144 (53 Am. St. 804, 23 S. E. Rep. 32). See *Huesinkveld v. Insurance Co.,* 106 Iowa, 229.

II.    We do not understand the appellants to question the correctness of the decree if the testimony of the plaintiff and his wife is considered. In any event it fully establishes the making of the contract, its fulfillment by the plaintiff, and the failure to convey the premises. Nothing will be gained by reviewing the evidence in detail. We may add that, without the testimony mentioned, that of other witnesses leaves little doubt of the plaintiff's' right to the relief granted.— AFFIRMED.