FOLDAGER, Respondent, v. ATWOOD STONE COMPANY, Appellant.

(159 N. W. 891.)

(File No. 3859.  Opinion filed November 13,, 1916.  Rehearing denied January 6, 1917.)

**1.   Evidence—Oral Evidence of Letter—Foundation for, in Copy of Letter, as Rebuttal—Prejudicial Error.**

Where, in a suit to cancel a contract for fraud, plaintiff's witness was permitted to testify to the contents of a letter received by witness from defendant's agent and attorney, to the effect that the letter contained a statement or direction to

witness to procure from plaintiff a certain receipt embodying
a contract between plaintiff and defendant, and which receipt
it was claimed had been fraudulently procured by defendant
from plaintiff and another and a different receipt and contract
substituted therefor; no proper foundation having been laid
for oral testimony of the contents of said .letter, **held**, that,
said attorney having testified that he had not given the in-
structions which said witness testified were embodied in the
letter, and having produced a copy of the letter which was
received in evidence without objection, and which did not
contain the statement or direction testified to by plaintiff's
witness, the admission of such oral evidence was prejudicial
error; and the fact that the copy of said letter was in evidence
did not change the character of the original letter as evidence,
it being proper and competent rebuttal of said witness' testi-
mony, which if originally incompetent, was no less so because
of the introduction of said purported copy; the obtaining of
possession of said original receipt and the suppression of it
being alleged as the efficient means by which defendant, through
its attorney, is claimed to have perpetrated the alleged fraud.

2.   Depositions—Objection to, as to · Competency, on Trial—Statute.
      Under Code Civ. Proc., Sec. 525, providing that no exception
other than for incompetency or irrelevancy shall be regarded,
unless made and filed before commencement of trial, **held**, that
where no objection to a deposition was made before trial, an
objection that no foundation had been laid for secondary evi-
dence of the contents of a letter referred to by deponent, and
that his statements concerning same were not the best evi-
dence, may be interposed at the trial without exceptions having
been filed.

      McCoy, J., dissenting.

Appeal from Circuit Court, Codington County.   Hon. CARL
G. SHERWOOD, Judge.

Action by Jens P. Foldager, against Atwood Stone Company,
a corporation, for the cancellation of a contract, and for other
relief by way of money judgment.   From a judgment for plain-
tiff, and from an order denying a new trial, defendant appeals.
Reversed, and new trial granted.

*Thad Fuller, T. J. McElligott, (Howard G. Fuller* of counsel)
for appellant.

*Loucks, Hasche* and *Foley,* for respondent.

(2)  To point two of the opinion, Appellant cited: Great

West Life Assur. Co. v. Shumway, 141 N. W. (N. D.) 479; Chapman v. Greene, (S. D.) 130 N. W. 30.

Respondent cited: Par. 'F' page 23, Wigmore's Pocket Code of Evidence; volume I Wigmore on Evidence, Sec. 18; Thompson on Trials, 2nd Ed. Sec. 701; Hardenburg & Co. v. Roberts (Iowa) 125 N. W. R. 818; Mississippi Lumber Co. v. Edgar V. Smith and Co., (Ala.) 44 So. 475; Sowell v. Bank of Brewton, (Ala.) 24 So. 585.

SMITH, J. Two Hayden brothers were engaged in buying and shipping grain at Florence in this state. The defendant corporation was in the grain commission business in Minneapolis, Minn. In the spring of 1911, Hayden Bros. were indebted to defendant some $10,590 for money advanced. In May of that year, one Grover, acting as attorney for defendant, went to Florence to get settlement of the account. Hayden Bros. thereupon executed three notes in settlement, one for $5,590, one for $3,000, and one for $2,000. Plaintiff, Foldager, was the father-in-law of W. R. Hayden, and to aid in securing this settlement signed the $2,000 and $3,000 notes as security. The same day Grover, acting for defendant, sold the $3,000 note to the First National Bank of Waubay, indorsed it without recourse, and received the money therefor. In this transaction, by reason of a change made by an officer of the bank, in the interest rate in the note, with the consent of the maker, but without the knowledge or consent of the surety, Foldager, the latter appears to have been released from liability on the note. Shortly thereafter, Hayden Bros. went into bankruptcy, and Grover was appointed trustee. The $2,000 note was due May 20, 1911, and the $3,000 note was due August 20, 1911. Prior to the transaction about to be referred to, action was brought by the First National Bank of Waubay against the plaintiff, Foldager, to enforce his liability as surety on the $3,000 note. Before this action was brought plaintiff had consulted Grover as an attorney, concerning his liability as surety, and sought to employ him to defend the action. After the action was begun Grover drew up an answer, and, as he was not an attorney of record in this state, sent it to Foldager's son-in-law, with instructions to have Foldager sign, verify, and serve it in person. Pending these proceedings, Grover went to Florence, and had a further interview with Foldager, on November 11, 1911.

The controversy in this action arises over transactions oc-curing at, and connected with, this interview. It is undisputed that at that time Foldager executed and delivered to Grover an-other note for $2,000, in favor of Atwood-Stone Company, secur-ed by a mortgage signed by Foldager and his wife on Foldager's farm, payable in one year and drawing 10 per cent. interest, Plaintiff, Jens P. and his son Peter C. Foldager, and Mr. Larson, the cashier, were in the bank during a part or all of this transac-tion, and their versions of what was said and done on that occasion are somewhat at variance, but it is undisputed that after the execution and delivery of the note and mortgage, Larson the cash-ier, suggested that Grover give Foldager a receipt for the note and mortgage, and that Grover did write out and give Foldager a receipt. Foldager could not read English, but testified that the receipt was read to him by Grover, to the effect that:

"It was given to me for security of that $2,000 note for what Atwood-Stone could not collect from the United States court on the dividends of the security of that $2,000 note in the Hay-den bankruptcy."

He also testified that Grover told him at that time he would never be bothered with the $3,000 note, "because that note out-lawed to me." It is plaintiff's contention this receipt embodied an agreement that the note and mortgage were given as collateral se-curity only for the $2,000 note of Hayden Bros., given in May, 1911, in settlement, which Foldager had signed as surety. It is plaintiff's further allegation and contention that he was induced by the fraud and misrepresentations of defendant's agent, W. R. Hayden, who was plaintiff's own son-in-law, to surrender this re-ceipt and agreement and accept and sign in lieu thereof another contract or agreement, set out in full in the complaint, by which he became bound absolutely to pay defendant any sum, not in excess of $2,000, which should remain due on the indebtedness of Hayden Bros. to defendant after applying all dividends which might be received from the bankrupt estate; that this agreement be adjudged void for fraud; that he in fact paid to defendant's indorsee for value the full amount of the $2,000 collateral note and mortgage, and that as surety he is entitled to receive and re-cover from defendant the amount of the dividends paid to defend-ant on the $2,000 note of Hayden Bros., amounting to $1,551.56,

with interest. W. R. Hayden, the son-in-law, was not present as a witness at the trial, but his evidence was offered by plaintiff in the form of a deposition. Five of appellant's 11 assignments of error are based on rulings of the trial court upon the testimony of this witness, which was the sole evidence offered by plaintiff to prove the alleged fraudulent acts of defendant. The witness was handed a duplicate of the contract signed by plaintiff sought to be canceled in this action and alleged to have been fraudulently submitted, and was asked "whether he had anything to do with the original, of which it is a copy." It is undisputed that this paper was sent by Grover to the witness W. R. Hayden, accompanied by a letter, and Hayden's acts and statements to plaintiff Foldager, pursuant to instructions alleged to have been contained in this letter, are charged to have been the fraudulent means by which plaintiff was induced to surrender the original contract and sign the new one now sought to be canceled. Appellant objected to the witness stating the contents of any letter written by Grover, accompanying the contract and instructing Hayden to do certain things, on the ground that no foundation had been laid for secondary evidence. This objection covers the substance of 3 of the 5 assignments of error. It is respondent's contention that this objection was waived by appellant and is not now available, for the reason that it was neither made at the time the deposition was taken, nor raised by exceptions to the deposition filed before trial.

[1] It is also suggested that even though it was prejudical error to receive oral evidence of the contents of this letter, it was cured or became nonprejudicial, when the court admitted in evidence, without objection, a purported copy of the letter which, on its face did not contain the alleged instruction testified to by Hayden (viz. that Hayden should get from plaintiff the original receipt or contract then in his possession, and return it to Grover), which, if in fact given by Grover, would tend strongly to sustain respondent's allegation of fraud. Grover was a witness at the trial, and testified in rebuttal in substance and without objection that he did not instruct Hayden to obtain possession of the original contract or receipt. Grover also produced what he testified was an exact copy of the letter sent Hayden, which copy was offered by defendant and received in evidence without objec-

tion, and did not contain the statement or direction testified to by Hayden. But this did not change the character of the letter as evidence. It was proper and competent rebuttal of Hayden's testimony, which, if originally incompetent, was no less incompetent because appellant attempted to rebut it by means of a purported copy of the letter. The jury were still at liberty to find, from Hayden's incompetent evidence as to the contents of the letter, that the copy of the letter testified to by Grover was spurious, and that Grover had attempted to, and in fact did, wrongfully obtain possession of and suppress the original contract and substitute another and different contract therefor. It follows that Hayden's statement of the contents of the letter, if incompetent, was plainly prejudicial to appellant, because Grover's obtaining surrender of the original receipt or contract and suppressing it was the alleged and efficient means by which the defendant, through Grover, is claimed to have perpetrated the alleged fraud, and is absolutely the only evidence in the record even tending to sustain the allegation of fraud. The evidence of Hayden as to the contents of the letter was clearly incompetent and prejudicial. The question whether appellant had lost his right to object to the competency of this evidence by failing to enter a proper objection at the taking of the deposition or by filing exceptions thereto before the trial still remains.

[2] Code Civ. Proc. § 525, provides that:

"No exception other than for incompetency or irrelevancy shall be regarded, unless made and filed before the commencement of the trial."

It is conceded that no exception was filed, and the only question here is whether appellant's objection made at the trial, in substance, that no foundation had been laid for secondary evidence of the contents of this letter, and that the statements of the witness were not the best evidence "can be regarded." Under this statute, an objection that deposition evidence is "incompetent" may be interposed at the trial without exceptions having been filed. It is settled in this state that an objection to the competency of evidence from a witness who is disqualified under section 486, subd. 2, Code Civ. Proc., may be entered at the trial. Chapman v. Greene, 27 S. D. 178, 130 N. W. 30; Walls v. Endel, 17 Fla. 478; Pence v. Waugh, 135 Ind. 143, 34 N. E. 860, Winters

v. Winters, 102 Iowa, 53, 71 N. W. 184, 63 Am. St. Rep. 428; Burton v. Baldwin, 61 Iowa, 283, 16 N. W. 110. In Great West. L. A. Co. v. Shumway, 25 N. D. 268, 141 N. W. 479, under a statute in substance like our own, it was held that oral evidence of the contents of books of account, which were the primary and best evidence of their contents, when offered in the form of a deposition, might be objected to at the trial, and was incompetent evidence within the meaning of the statute. Similar evidence was held to be "incompetent," under the general rule requiring the best, or primary evidence, in Eaton C. Co. v. Doherty, 31 N. D. 175, 153 N. W. 966; Nichol v. McCalister, 52 Ind. 586; Angell v. Rosenbury, 12 Mich. 241; Traber v. Hicks, 131 Mo. 180, 32 S. W. 1145; Tays v. Carr, 37 Kan. 141, 14 Pac. 456. Grover as a witness for defendant testified, in substance, that the receipt was a naked receipt for the note and mortgage, and that he agreed to draw up and forward the contract he sent to Hayden in duplicate for Foldager's signature, which he did. Upon this issue of fact Hayden's incompetent testimony undoubtedly prejudiced the minds of the jury, and the error in its admission necessitates a reversal of the order and judgment of the trial court. We deem it unnecessary to consider other assignments, as they involve alleged errors which need not recur at a new trial.

Judgment reversed, and new trial granted.

McCOY, J., dissenting.